(January 22, 1996)

■ Joseph Aievoli et al., Respondents, v James E. Farley, Appellant. [636 NYS2d 833] —In an action to recover damages for breach of contract and fraud, the defendant appeals from an order of the Supreme Court, Kings County (Garry, J.), dated March 7, 1995, which denied his motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The defendant moved pursuant to CPLR 3211 (a) (1) to dismiss the complaint, which asserts causes of action to recover damages for breach of contract and fraud, contending that he had contracted with an individual other than the plaintiffs. In opposition to the defendant's motion, the plaintiffs asserted, *inter alia,* that they were third-party beneficiaries of the contract with the defendant.

The defendant's motion was properly denied. The plaintiffs' opposition to the defendant's motion was sufficient to raise an issue as to whether they were intended third-party beneficiaries of the subject contract *(see, Fourth Ocean Putnam Corp. v Interstate Wrecking Co.,* 66 NY2d 38, 44-45; *Trans-Orient Mar. Corp. v Star Trading & Mar.,* 925 F2d 566, 573; *Septembertide Publ. B.V. v Stein & Day,* 884 F2d 675, 679). "In determining third-party beneficiary status it is permissible for the court to look at the surrounding circumstances as well as the agreement * * * Moreover, it is well settled that the obligation to perform to the third party beneficiary need not be expressly stated in the contract" *(Trans-Orient Mar. Corp. v Star Trading & Mar., supra,* at 573).

The defendant's contention that the plaintiffs' fraud cause of action was insufficiently stated because the allegations of fraud relate solely to his alleged breach of contract is not preserved for appellate review. Balletta, J. P., Rosenblatt, Pizzuto, Joy and Altman, JJ., concur.