■ BELGRAVE OWNERS, INC., Respondent, v OR HOLDING CORP. et al., Appellants. [650 NYS2d 249] —In an action to enforce

a contract, the defendants appeal from (1) an order and judgment (one paper) of the Supreme Court, Nassau County (Collins, J.), dated October 16, 1995, which denied their motion for summary judgment dismissing the complaint and granted the cross motion of the plaintiff for summary judgment and directed the defendants to "immediately provide and continue to provide, on a permanent basis, twelve (12) parking spaces on the property of said defendants", and (2) an order of the same court, dated January 12, 1996, which denied their motion to renew and/or reargue.

Ordered that the appeal from so much of the order dated January 12, 1996, as denied reargument is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order and judgment is modified by adding thereto after the words "Great Neck, New York, 11021" the following language: "so long as said property shall have nonconforming status, and the defendants shall select twelve (12) tenants of Belgrave Owners, Inc. for such parking and the rental for each such space shall not exceed, at any time, the average reasonable rental paid for like or similar parking spaces in the community comprehensively known as Great Neck"; as so modified, the order and judgment is affirmed; and it is further,

Ordered that the order dated January 12, 1996, is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

This dispute arises out of an agreement entered into between the defendants' predecessor in interest and the Village of Thomaston (hereinafter the Village), in 1950. This agreement is memorialized in a Resolution of the Board of Trustees of the Village dated November 9, 1950, which required, *inter alia,* that in return for the Village allowing the defendants' predecessor to continue the nonconforming use of its property, the defendants' predecessor would provide 12 parking spaces to the plaintiff's predecessors in interest, tenants of the adjacent property. This arrangement continued amicably up until 1993, when the defendants erected a security gate across that area formerly used for parking by the adjacent tenants. Thereafter, the plaintiff commenced this action, against the defendants and the Village seeking to enforce the agreement between the defendants' predecessor and the Village as third-party beneficiaries of the agreement. Initially, the Village moved to dismiss the complaint insofar as asserted against them which motion was granted.

The defendants then moved for summary judgment dismiss-

ing the complaint which was denied. The plaintiff cross-moved for summary judgment which was granted and the court directed the defendants to continue to provide 12 parking spaces to the tenants of the plaintiff. Thereafter, the court denied the defendants motion to renew and/or reargue.

On appeal, the defendants contend that the plaintiff, a cooperative corporation, is a separate legal entity from the apartment building tenants explicitly included in the settlement agreement, and therefore the cooperative is not an intended third-party beneficiary of the agreement.

It is a well-settled principle of contract law that clear, complete writings should generally be enforced according to their terms (*W.W.W. Assocs. v Giancontieri,* 77 NY2d 157) and the intent of the parties to a contract must be gleaned from within the four corners of the instrument, not from extrinsic evidence (*see, Rainbow v Swisher,* 72 NY2d 106; *Serna v Pergament Distribs.,* 182 AD2d 985).

However, in determining third-party beneficiary status it is permissible for the court to look at the surrounding circumstances as well as the agreement itself (*see, Aievoli v Farley,* 223 AD2d 613; *see also, Fourth Ocean Putnam Corp. v Interstate Wrecking Co.,* 66 NY2d 38). The obligation to perform to the third-party beneficiary need not be expressly stated in the contract (*Aievoli v Farley, supra; see also, Fourth Ocean Putnam Corp. v Interstate Wrecking Co., supra*).

An examination of the events leading to the November 1950 Resolution reveals that the intent of the Village in its settlement with the defendants' predecessor was to provide for parking for the residents of the adjacent property, now known as Belgrave Owners, Inc., the plaintiff herein. The Resolution obligates the owners of the subject property to provide parking in perpetuity as long as the nonconforming use of the subject property continues.

Here the record reveals that the tenants of the adjacent property were intended to enjoy the benefits outlined in the agreement. The defendants urge a narrow interpretation of the use of the term tenant, which we decline to do. It is apparent from an examination of the entire agreement and the circumstances under which it was entered into, that the term tenant includes the current inhabitants of the plaintiff cooperative.

We agree with the defendants that the Supreme Court failed to include in its judgment certain terms contained in the original agreement. Therefore we have modified the judgment accordingly.

The defendants' remaining contentions are without merit. Mangano, P. J., Bracken, Thompson and McGinity, JJ., concur.