■ STEVEN I. RUBINSTEIN et al., Appellants, v JUDITH SALOMON et al., Respondents. [849 NYS2d 69]—

In an action, inter alia, pursuant to RPAPL article 15 for a judgment declaring that a deed to certain real property is void, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Brennan, J.), dated May 24, 2006, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), (2), and (7).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion to dismiss the complaint is denied.

In 1988, months prior to their marriage, Samuel Rubinstein and the defendant Judith Salomon executed an antenuptial agreement (hereinafter the agreement) in which they acknowledged owning certain premises as tenants in common and having granted life estates in the premises to each other. Pursuant to paragraph 7 of the agreement, the parties provided that "if the survivor voluntarily conveys or dies, the premises will be sold with the net selling price to be divided equally." The agreement further provided that it "shall enure to the benefit of and shall be binding upon the heirs . . . of the parties."

The couple thereafter married, and approximately 10 years later, executed a "Modification Agreement," which modified paragraph 7 of the agreement by changing the form of ownership from tenancy in common to joint tenancy with rights of survivorship, and provided that "upon the sale of premises, the survivor agrees to pay the deceased's heirs, one half the net proceeds of said sale." It further provided, inter alia, that "[e]ach party represents to the other that he or she has done and will do nothing to encumber title to the premises, except for the lien of the existing mortgage, if any." Moreover, the modification agreement provided that "[i]n all other respects, the parties do hereby ratify and confirm [the agreement]."

In 2002 Samuel Rubinstein (hereinafter the decedent) died, and in 2003 Salomon executed a deed (hereinafter the deed) conveying her interest in the subject premises to a revocable living trust that she had created, the defendant Salomon asset management trust. The plaintiffs, heirs of the decedent, commenced the instant action against the defendants alleging, inter alia, that by conveying the premises to the trust, Salomon had conveyed and encumbered the property in violation of the terms of the agreement and modification agreement, requiring that the premises be sold and the heirs receive their share of the proceeds. The plaintiffs sought, among other things, a judgment

declaring the deed void and directing the defendants to sell the property and distribute the proceeds to the plaintiffs in accordance with the terms of the agreement and modification agreement.

The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1), (2), and (7), annexing various documents to their motion papers, including the complaint, the agreement, the modification agreement, and the deed by which Salomon transferred title of the premises to the trust. The defendants argued, inter alia, that the complaint failed to state a cause of action because the transfer of the premises to the trust did not constitute an "encumbrance" in violation of the modification agreement, nor a "sale" under the terms of the modification agreement such that Salomon owed a duty to pay to the plaintiffs their one-half share of any proceeds. The defendants also argued that the documentary evidence conclusively established that no such "sale" or "encumbrance" occurred. In addition, since the premises were not "encumbered" in violation of the modification agreement and no "sale" took place triggering the plaintiffs' right to half of the proceeds, the defendants argued that there was no justiciable controversy, and thus, the court lacked subject matter jurisdiction over the action.

In opposition to the defendants' motion, the plaintiffs argued, inter alia, that Salomon's transfer of the premises to the trust constituted an "encumbrance" on the property such that she breached the provision in the modification agreement which provided that she would "do nothing to encumber title to the premises." They also argued that the modification agreement did not supersede or alter the provision of the agreement which provided that if Salomon "voluntarily convey[ed]" the premises, the premises "would be sold with the net selling price to be divided equally." Thus, the plaintiffs argued that a justiciable controversy existed and their complaint stated cognizable causes of actions.

The Supreme Court granted the defendants' motion to dismiss the complaint. We reverse.

"A motion to dismiss pursuant to CPLR 3211 (a) (7) 'will fail if, taking all facts alleged as true and according them every possible inference favorable to the plaintiff, the complaint states in some recognizable form any cause of action known to our law' " (*Palo v Cronin & Byczek, LLP*, 43 AD3d 1127 [2007], quoting *Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 38 [2006]; *see Morone v Morone*, 50 NY2d 481, 484 [1980]; *219 Broadway Corp. v Alexander's, Inc.*,

46 NY2d 506, 509 [1979]; *Morad v Morad*, 27 AD3d 626 [2006]). A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Kalmon Dolgin Affiliates of Long Is. v Robert Plan Corp.*, 248 AD2d 594 [1998]; *Weiss v Cuddy & Feder*, 200 AD2d 665, 667 [1994]).

Viewing the allegations in the complaint in the light most favorable to the plaintiffs (*see Leon v Martinez*, 84 NY2d at 87-88), we find that the complaint states cognizable causes of action against the defendants for, among other things, a judgment declaring the deed void and directing the sale of the property. The complaint contains allegations sufficient to support the plaintiffs' claim that Salomon's transfer of the property into the trust constituted an "encumbrance" in violation of the modification agreement. The allegations also sufficiently support the plaintiffs' contention that the modification agreement did not supersede the provision in the agreement which provided that the property "will be sold with the net selling price to be divided equally" if Salomon "voluntarily conveys" the premises. Accordingly, the complaint sufficiently avers that by transferring the deed to the trust, Salomon became obligated to sell the premises and pay the plaintiffs half the proceeds. In this respect, the allegations of the complaint also present a justiciable controversy. Moreover, such allegations were not "utterly refute[d]" by the documentary evidence submitted by the defendants in support of that branch of their motion which was to dismiss pursuant to CPLR 3211 (a) (1) (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326). Accordingly, the Supreme Court should have denied the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), (2), and (7).

The defendants' remaining contentions are without merit. Rivera, J.P., Goldstein, Skelos and Balkin, JJ., concur.