ENCORE LAKE GROVE HOMEOWNERS ASSOCIATION, INC., et al., Appellants-Respondents, v CASHIN ASSOCIATES, P.C., Respondent-Appellant. [976 NYS2d 143]—

In an action to recover damages for breach of contract and negligence, (1) the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated January 12, 2012, as granted those branches of the defendant's motion which were pursuant to CPLR 3211 (a) to dismiss the first and second causes of action in the complaint, and (2) the defendant cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was to dismiss the complaint on the ground that the plaintiffs failed to comply with the notice of claim requirements of the General Municipal Law.

Ordered that the order is modified, on the law, by deleting the

provision thereof granting that branch of the defendant's motion which was to dismiss the first cause of action pursuant to CPLR 3211 (a), and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Incorporated Village of Lake Grove retained the defendant as the Village Engineer by resolution dated August 1, 2002. The defendant remained Village Engineer until February 12, 2008. By resolution dated November 3, 2005, the Village authorized the defendant "to perform general building inspections as required by the building department for the 'Encore Lake Grove Community,'" which comprised two condominium communities (hereinafter Encore I and Encore II). The Village issued certificates of occupancy for Encore I and Encore II based upon the defendant's inspections. After the subject condominium homes were purchased, the homeowners allegedly discovered certain construction defects, including the absence of fire walls in two buildings. Encore I, Encore II, and a joint homeowners' association commenced this action against the defendant, alleging, as a third-party beneficiary, breach of the contract between the Village and the defendant pursuant to which the defendant performed the subject inspections, and professional malpractice.

The Supreme Court improperly granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the first cause of action, which alleged breach of contract, based upon documentary evidence. "A motion to dismiss a complaint based upon documentary evidence may be appropriately granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Nunez v Mohamed*, 104 AD3d 921, 922 [2013]; *see Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Cervini v Zanoni*, 95 AD3d 919, 920-921 [2012]; *Rubinstein v Salomon*, 46 AD3d 536, 539 [2007]; *Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 38 [2006]). Contrary to the defendant's contention, the documentary evidence in the record does not conclusively establish as a matter of law that the plaintiffs were not third-party beneficiaries of the resolution dated November 3, 2005. "In determining third-party beneficiary status it is permissible for the court to look at the surrounding circumstances as well as the agreement . . . Moreover, it is well settled that the obligation to perform to the third party beneficiary need not be expressly stated in the contract" (*Aievoli v Farley*, 223 AD2d 613, 614 [1996] [internal quotation marks omitted]; *see Belgrave*

*Owners v OR Holding Corp.*, 233 AD2d 352 [1996]). Here, the plaintiffs submitted an affidavit from the Village Attorney attesting that the Village engaged the defendant to perform the subject inspections for the benefit of the purchasers of the subject condominiums (*see All Am. Moving & Stor., Inc. v Andrews*, 96 AD3d 674, 675 [2012], quoting *MK W. St. Co. v Meridien Hotels*, 184 AD2d 312, 313 [1992] [" 'the intention which controls in determining whether a stranger to a contract qualifies as an intended third-party beneficiary is that of the promisee' "]; *Board of Mgrs. of Astor Terrace Condominium v Schuman, Lichtenstein, Claman & Efron*, 183 AD2d 488 [1992]; *cf. Lake Placid Club Attached Lodges v Elizabethtown Bldrs.*, 131 AD2d 159, 161-162 [1987]). Moreover, "the identity of a third-party beneficiary need not be set forth in the contract or, for that matter, even be known as of the time of its execution" (*MK W. St. Co. v Meridien Hotels*, 184 AD2d at 313; *see Saratoga Schenectady Gastroenterology Assoc., P.C. v Bette & Cring, LLC*, 83 AD3d 1256, 1257 [2011]).

However, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action, which alleged professional malpractice. The plaintiffs asserted in the complaint that the defendant "negligently performed inspection services relative to the homes in [Encore I] and [Encore II]," in that, inter alia, the defendant "fail[ed] to detect the existence of defects in the homes and appurtenant common areas." "[M]erely alleging that a party breached a contract because it failed to act with due care will not transform a strict breach of contract claim into a negligence claim" (*Verizon N.Y., Inc. v Optical Communications Group, Inc.*, 91 AD3d 176, 180 [2011]; *see Sommer v Federal Signal Corp.*, 79 NY2d 540, 551 [1992]). This is because "[o]bligations that flow exclusively from a contract must be enforced as contractual duties under a theory of contract law" (*Landon v Kroll Lab. Specialists, Inc.*, 91 AD3d 79, 82 [2011]). "[A] court enforcing a contractual obligation will ordinarily impose a contractual duty only on the promisor in favor of the promisee and any intended third-party beneficiaries" (*id.* at 82). "Thus 'where a party is merely seeking to enforce its bargain, a tort claim will not lie' " (*id.*, quoting *New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 316 [1995]). Taking into account the applicable factors, including "the nature of the injury, the manner in which the injury occurred and the resulting harm" (*Sommer v Federal Signal Corp.*, 79 NY2d at 552), it is clear that the plaintiffs, as third-party beneficiaries, are seeking enforcement of the defendant's promise to properly inspect the construction of the subject homes. Thus,

the only claim the plaintiffs have alleged against the defendant is one sounding in contract, and they have failed to state a cause of action sounding in tort. Accordingly, the Supreme Court properly directed dismissal of the second cause of action pursuant to CPLR 3211 (a) (7).

With respect to the cross appeal, the plaintiffs failed to comply with the notice of claim requirements of the General Municipal Law. Whether the plaintiffs were mandated to serve a notice of claim on the Village pursuant to General Municipal Law §§ 50-e and 50-i, as claimed by the defendant, turns on a determination of whether the defendant performed the subject inspections in its capacity as Village Engineer. The plaintiffs contend that the defendant performed the inspections in a different capacity, since the defendant was separately engaged, at the request of the plaintiff's sponsor, to perform inspections of the subject homes. In light of the parties' conflicting assertions, and the lack of any evidence in the record regarding the duties of the Village Engineer, the record does not contain sufficient information to allow us to determine whether the defendant performed the subject inspections as part of its role as Village Engineer. Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was to dismiss the complaint on the ground that the plaintiffs failed to comply with the notice of claim requirements of the General Municipal Law (*see International Shared Servs. v County of Nassau*, 222 AD2d 407 [1995]). Angiolillo, J.P., Dickerson, Austin and Hinds-Radix, JJ., concur. **[Prior Case History: 2012 NY Slip Op 30174(U).]**