■ HYDE PARK OWNERS CORP., Appellant, v KEW GARDENS TENANTS LEAGUE, Respondent, et al., Defendant. [987 NYS2d 399]—

In an action, inter alia, for ejectment, the plaintiff appeals from an order of the Supreme Court, Queens County (Sampson, J.), dated April 2, 2012, which granted the motion of the defendant Kew Gardens Tenants League to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a), and denied, as academic, the plaintiff's cross motion to compel arbitration.

Ordered that the order is modified, on the law, by deleting the words "as moot" from the provision thereof denying the plaintiff's cross motion; as so modified, the order is affirmed, with costs to the respondent.

The plaintiff owns the subject property, which is occupied by cooperative apartments. In April 1997, the plaintiff and its property management company entered into an agreement (hereinafter the 1997 agreement) with the defendant Kew Gardens Tenants League (hereinafter the Tenants League), which represented the rent-stabilized tenants at the property. Provision 10 of the 1997 agreement provided that use of the property's "community room" by the defendant Queens Community Civic Corp., referred to in the 1997 agreement as QCCC, would continue as long as QCCC remained a corporation in good standing pursuant to the laws of the State of New York. The 1997 agreement also included an arbitration clause which provided that "[i]f any of the parties breach any one or more of the terms of this understanding, that portion which is breached shall be subject to mediation or arbitration." QCCC was not a party to the 1997 agreement. Further, although the 1997 agreement provided that the three parties would meet in 5½ years to draft a new agreement, no such meeting occurred.

In June 2010, the plaintiff commenced this action against QCCC and the Tenants League. The complaint set forth the terms of the 1997 agreement and alleged that, in February 2010, the plaintiff requested a meeting with the defendants to discuss the terms of QCCC's continued use of the community room, but that QCCC did not agree to the meeting and the Tenants League did not respond to the request. The complaint further alleged that, in March 2010, the plaintiff formally requested mediation with QCCC and the Tenants League before the American Arbitration Association (hereinafter AAA), and that both defendants refused to participate in mediation. In the first cause of action, the plaintiff sought to eject the defendants from the community room or, in the alternative, to recover the fair market value of QCCC's occupancy, on the ground that QCCC's license to occupy it under the 1997 agreement had terminated

and that the defendants breached the 1997 agreement by failing to negotiate a new agreement or to mediate. The second cause of action for a declaratory judgment was asserted against QCCC alone.

QCCC moved, inter alia, to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a). In an order dated May 26, 2011, the Supreme Court granted that branch of QCCC's motion on the ground that QCCC was not a party to the 1997 agreement and, therefore, could not be bound by that agreement. That order is not at issue on this appeal. The sole remaining cause of action is to eject the Tenants League from the community room as a remedy for its alleged breach of the 1997 agreement.

The Tenants League moved to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (1) and (5), based upon documentary evidence, including the 1997 agreement, an administrative order of the State of New York Division of Housing and Community Renewal (hereinafter DHCR) dated October 27, 1992, which required the property's landlord to reserve use of a community room for the tenants, and a "submission to mediation" form prepared by the plaintiff, requesting mediation before the AAA with QCCC alone and stating that the Tenants League was "an entity believed to be defunct." The plaintiff cross-moved to compel arbitration, asserting that the Tenants League had breached its obligation under the 1997 agreement to negotiate a new agreement.

In the order appealed from, the Supreme Court granted the Tenants League's motion to dismiss the complaint insofar as asserted against it on the ground that it had a defense founded upon documentary evidence. The plaintiff's cross motion to compel arbitration was denied as academic. We modify.

The parties' obligation to arbitrate under the 1997 agreement arose only in the event of a party's "breach" of any term of the agreement. Contrary to the plaintiff's contention on appeal, the Tenants League had no duty to arbitrate, since, as discussed below, it established conclusively, on its motion to dismiss, that it did not breach the 1997 agreement (see Matter of United Nations Dev. Corp. v Norkin Plumbing Co., 45 NY2d 358, 364 [1978]).

To succeed on a motion to dismiss based upon documentary evidence (see CPLR 3211 [a] [1]), the documentary evidence must conclusively establish a defense to the asserted claims and resolve all factual issues as a matter of law (see Palmieri v Biggiani, 108 AD3d 604, 606-607 [2013]; Sunset Cafe, Inc. v Mett's Surf & Sports Corp., 103 AD3d 707, 709 [2013]; Springer v

*Almontaser*, 75 AD3d 539, 540 [2010]; *Rubinstein v Salomon*, 46 AD3d 536, 539 [2007]). Here, the 1997 agreement expressly provided that the plaintiff "will not interfere" with QCCC's use of the premises and was silent as to any consequence flowing from the parties' failure to arrange a meeting to draft a new agreement 5$^{1/2}$ years after its signing. QCCC's failure to meet to negotiate a new agreement or to submit to mediation did not establish a breach on the part of the Tenants League. QCCC was not a party to the 1997 agreement, and, therefore, could not renegotiate its terms. Further, the plaintiff assumed that the Tenants League was defunct and never requested mediation with it.

In view of the foregoing, the documentary evidence established conclusively that the Tenants League did not breach the term of the 1997 agreement which provided that the parties to the agreement would meet in 5$^{1/2}$ years to draft a new agreement. Accordingly, the Supreme Court properly directed the dismissal of the complaint insofar as asserted against the Tenants League, and should have denied, on the merits, the plaintiff's cross motion to compel arbitration. Dillon, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.