■ BOARD OF EDUCATION OF NORTHPORT-EAST NORTHPORT UNION FREE SCHOOL DISTRICT et al., Respondents, v LONG ISLAND POWER AUTHORITY et al., Appellants, et al., Defendants. [14 NYS3d 450]—

In an action, inter alia, to recover damages for breach of contract, the defendants Long Island Power Authority and Long Island Lighting Company appeal from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated May 21, 2013, as denied those branches of their motion which were pursuant to CPLR 3211 (a) to dismiss the first through fourth, ninth, and tenth causes of action insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

In June 1997, the defendant Long Island Lighting Company (hereinafter LILCO) entered into a "Power Supply Agreement" (hereinafter the PSA) with the defendant Long Island Power Authority (hereinafter LIPA), whereby LILCO agreed to sell and deliver to LIPA the energy produced from its power generating facilities in Nassau and Suffolk Counties, including certain facilities located within the geographical boundaries of the plaintiff Board of Education of the Northport-East Northport Union Free School District (hereinafter the School District) and subject to school taxes to the School District. Pursuant to section 21.16 of the PSA, LILCO was only entitled to challenge property tax assessments on its "Generating Facilities . . . if the assessment on any such challenged facilities is increased not in an appropriate proportion to the increase in value related to taxable capital additions affixed to the tax parcel between the last two tax status dates." In a letter dated May 2, 1997, LIPA advised the Nassau-Suffolk School Boards Association, of which the School District was part, that upon the issu-

ance of the PSA, "LIPA will immediately drop all tax certiorari cases against all municipalities and school districts," and that "neither LIPA nor LILCO will initiate any further tax certiorari cases on any of their respective properties at any time in the future unless a municipality abusively increases its assessment rate," as "spelled out in the [PSA]." In October 2010, during the term of the PSA, LIPA commenced a tax certiorari proceeding to challenge tax assessments levied against "the Northport facilities" located within the boundaries of the School District, for the 2010-2011 school year.

In May 2011, the School District, among others, commenced this action, inter alia, to recover damages for breach of contract against, among others, LIPA and LILCO (hereinafter together the defendants). In the first through fourth, ninth, and tenth causes of action, the plaintiffs alleged that the School District was an intended third-party beneficiary of section 21.16 of the PSA, and LIPA was precluded from commencing the tax certiorari proceeding because the condition stated in that section of the PSA was not applicable. The defendants moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, arguing that the School District was not an intended third-party beneficiary entitled to enforce section 21.16 of the PSA, as any benefit to it from that provision was merely incidental. In the order appealed from, the Supreme Court, among other things, denied those branches of the defendants' motion which were pursuant to CPLR 3211 (a) to dismiss the first through fourth, ninth, and tenth causes of action insofar as asserted against them. The defendants appeal from those portions of the order, and we affirm the order insofar as appealed from.

" 'A non-party [to a contract] may sue for breach of contract only if it is an intended, and not a mere incidental, beneficiary' " (*East Coast Athletic Club, Inc. v Chicago Tit. Ins. Co.*, 39 AD3d 461, 463 [2007], quoting *LaSalle Natl. Bank v Ernst & Young*, 285 AD2d 101, 108 [2001]). However, " 'the identity of a third-party beneficiary need not be set forth in the contract or, for that matter, even be known as of the time of its execution' " (*Encore Lake Grove Homeowners Assn., Inc. v Cashin Assoc., P.C.*, 111 AD3d 881, 883 [2013], quoting *MK W. St. Co. v Meridien Hotels*, 184 AD2d 312, 313 [1992]). "A party asserting rights as a third-party beneficiary must establish (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [its] benefit and (3) that the benefit to [it] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty

to compensate [it] if the benefit is lost" (*Nanomedicon, LLC v Research Found. of State Univ. of N.Y.*, 112 AD3d 594, 596 [2013] [internal quotation marks omitted]; *see Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 336 [1983]). " 'In determining third-party beneficiary status it is permissible for the court to look at the surrounding circumstances as well as the agreement,' " and " 'the obligation to perform to the third party beneficiary need not be expressly stated in the contract' " (*Encore Lake Grove Homeowners Assn., Inc. v Cashin Assoc., P.C.*, 111 AD3d at 882, quoting *Aievoli v Farley*, 223 AD2d 613, 614 [1996]).

Contrary to the defendants' contention, the Supreme Court properly determined that it "cannot conclude as a matter of law that the School District is merely an incidental beneficiary and not an intended third-party beneficiary of the [PSA]." "A motion pursuant to CPLR 3211 (a) (1) to dismiss based on documentary evidence may be appropriately granted 'only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law' " (*Jahan v U.S. Bank N.A.*, 127 AD3d 926, 927 [2015], quoting *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). In opposition to a motion pursuant to CPLR 3211 (a), a plaintiff may submit affidavits "to preserve inartfully pleaded, but potentially meritorious, claims" (*Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]).

Here, in support of their motion, the defendants submitted the PSA, which they contended established as a matter of law that the School District was not an intended third-party beneficiary (*see Encore Lake Grove Homeowners Assn., Inc. v Cashin Assoc., P.C.*, 111 AD3d at 882-883; *Aievoli v Farley*, 223 AD2d at 614). In opposition, the plaintiffs submitted, inter alia, an affidavit from Steven V. Waldenburg, Jr., the president of the School District, who averred that, during his tenure as a board member of the School District, he reviewed correspondence signed by Richard Kessel, the Chairman of LIPA, wherein Kessel assured the Nassau-Suffolk School Boards Association, of which the School District was part, among others, that neither LIPA nor LILCO would initiate any further tax certiorari cases on any of their respective properties at any time in the future. The School District also submitted the letter dated May 2, 1997, wherein LIPA advised the Nassau-Suffolk School Boards Association that, upon the issuance of the PSA, "LIPA will immediately drop all tax certiorari cases *against all . . . school districts*," and that LIPA would not "initiate any further tax certiorari cases on any of their respective properties at any

time in the future," unless a specific condition was applicable which is not alleged by the defendants (emphasis added). Waldenburg also stated in his affidavit that he attended a press conference in May 1997, wherein then-Governor George Pataki assured residents of the School District that no future tax certiorari proceedings involving the Northport Facilities would be commenced, and that any pending tax certiorari proceedings would be discontinued.

In the absence of any language in the PSA expressly negating enforcement by third parties (*see Facilities Dev. Corp. v Miletta*, 180 AD2d 97, 101 [1992]; *cf. IMS Engrs.-Architects, P.C. v State of New York*, 51 AD3d 1355, 1357-1358 [2008]; *Nepco Forged Prods. v Consolidated Edison Co. of N.Y.*, 99 AD2d 508 [1984]), it cannot be said that the documentary evidence submitted by the defendants "utterly refutes" the School District's allegation, as augmented by the affidavit of Waldenburg (*see Rovello v Orofino Realty Co.*, 40 NY2d at 635), that it was an intended third-party beneficiary of section 21.16 of the PSA (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326).

The defendants' remaining contentions are without merit.

Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were pursuant to CPLR 3211 (a) to dismiss the first through fourth, ninth, and tenth causes of action insofar as asserted against them. Mastro, J.P., Chambers, Roman and LaSalle, JJ., concur.