■ Town of Huntington, Respondent, v Long Island Power Authority et al., Appellants, et al., Defendants. [12 NYS3d 912]—

In an action, inter alia, to recover damages for breach of contract, the defendants Long Island Power Authority and Long Island Lighting Company appeal from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated May 21, 2013, as denied those branches of their motion which were pursuant to CPLR 3211 (a) to dismiss the first through third causes of action insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

In June 1997, the defendant Long Island Lighting Company (hereinafter LILCO) entered into a "Power Supply Agreement" (hereinafter the PSA) with the defendant Long Island Power Authority (hereinafter LIPA), whereby LILCO agreed to sell and deliver to LIPA the energy produced from its power generating facilities in Nassau and Suffolk Counties, including certain facilities located in the plaintiff, Town of Huntington. Pursuant to section 21.16 of the PSA, LILCO was only entitled to challenge property tax assessments on its "Generating Facilities . . . if the assessment on any such challenged facilities is increased not in an appropriate proportion to the increase in value related to taxable capital additions affixed to the tax parcel between the last two tax status dates." In a letter dated August 6, 1997, LIPA advised Frank P. Petrone, Supervisor of the Town, that upon the issuance of the PSA, "all pending certiorari proceedings against the Town . . . will be withdrawn," with no challenge to any tax assessments "[i]n the future . . . unless [the] Town singles out LIPA [or] LILCO . . . for reassessment, thus increasing the assessment separate and apart from other properties located within the [T]own." In October 2010, during the term of the PSA, LIPA commenced a tax cer-

tiorari proceeding to challenge tax assessments levied against "the Northport facilities" which were located within the Town.

In May 2011, the Town commenced this action, inter alia, to recover damages for breach of contract against, among others, LIPA and LILCO (hereinafter together the defendants). In the first through third causes of action, the Town alleged that it was an intended third-party beneficiary of section 21.16 of the PSA, and LIPA was precluded from bringing the tax certiorari proceeding because the specific condition stated in that section of the PSA was not applicable. The defendants moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, arguing that the Town was not an intended third-party beneficiary entitled to enforce section 21.16 of the PSA, as any benefit to it from that provision was merely incidental. In the order appealed from, the Supreme Court, among other things, denied those branches of the defendants' motion which were pursuant to CPLR 3211 (a) to dismiss the first through third causes of action insofar as asserted against them. The defendants appeal from those portions of the order, and we affirm the order insofar as appealed from.

" 'A non-party [to a contract] may sue for breach of contract only if it is an intended, and not a mere incidental, beneficiary' " (*East Coast Athletic Club, Inc. v Chicago Tit. Ins. Co.*, 39 AD3d 461, 463 [2007], quoting *LaSalle Natl. Bank v Ernst & Young*, 285 AD2d 101, 108 [2001]). However, " 'the identity of a third-party beneficiary need not be set forth in the contract or, for that matter, even be known as of the time of its execution' " (*Encore Lake Grove Homeowners Assn., Inc. v Cashin Assoc., P.C.*, 111 AD3d 881, 883 [2013], quoting *MK W. St. Co. v Meridien Hotels*, 184 AD2d 312, 313 [1992]). "A party asserting rights as a third-party beneficiary must establish (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [its] benefit and (3) that the benefit to [it] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [it] if the benefit is lost" (*Nanomedicon, LLC v Research Found. of State Univ. of N.Y.*, 112 AD3d 594, 596 [2013] [internal quotation marks omitted]; *see Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 336 [1983]). " 'In determining third-party beneficiary status it is permissible for the court to look at the surrounding circumstances as well as the agreement,' " and " 'the obligation to perform to the third party beneficiary need not be expressly stated in the contract' " (*Encore Lake Grove Homeowners Assn., Inc. v Cashin Assoc., P.C.*, 111 AD3d at 882, quoting *Aievoli v Farley*, 223 AD2d 613, 614 [1996] [internal quotation marks omitted]).

Contrary to the defendants' contention, the Supreme Court properly determined that it "cannot conclude as a matter of law that the Town is merely an incidental beneficiary and not an intended third-party beneficiary of the [PSA]." "A motion pursuant to CPLR 3211 (a) (1) to dismiss based on documentary evidence may be appropriately granted 'only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law' " (*Jahan v U.S. Bank N.A.*, 127 AD3d 926, 927 [2015], quoting *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). In opposition to a motion pursuant to CPLR 3211 (a), a plaintiff may submit affidavits "to preserve inartfully pleaded, but potentially meritorious, claims" (*Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]).

Here, in support of their motion, the defendants submitted the PSA, which they contended established as a matter of law that the Town was not an intended third-party beneficiary. In opposition, the Town submitted, inter alia, an affidavit from Petrone, who averred that he had discussions with Richard Kessell, the Chairman of LIPA, prior to the issuance of the PSA, regarding his concerns "about the potential of LIPA filing tax certioraris," that Kessell "promised to work with the Town . . . to make sure [it] w[as] protected in the PSA," and that section 21.16 of the PSA was included "for the direct benefit of the Town" based on those discussions. This affidavit incorporated by a reference the letter dated August 6, 1997, in which Kessell advised Petrone that upon the issuance of the PSA, "all pending certiorari proceedings against the Town . . . will be withdrawn," with no challenge to any tax assessments "[i]n the future," except under certain circumstances not alleged to have occurred here. Moreover, that letter referred to "the various concerns" raised by Petrone regarding the transaction which was the subject of the PSA.

In the absence of any language in the PSA expressly negating enforcement by third parties (*see Facilities Dev. Corp. v Miletta*, 180 AD2d 97, 101 [1992]; *cf. IMS Engrs.-Architects, P.C. v State of New York*, 51 AD3d 1355, 1357-1358 [2008]; *Nepco Forged Prods. v Consolidated Edison Co. of N.Y.*, 99 AD2d 508 [1984]), it cannot be said that the documentary evidence submitted by the defendants "utterly refutes" the Town's allegation, as augmented by the affidavit of Petrone (*see Rovello v Orofino Realty Co.*, 40 NY2d at 635), that it was an intended third-party beneficiary of section 21.16 of the PSA (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326).

The defendants' remaining contentions are without merit.

Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were pursuant to CPLR 3211 (a) to dismiss the first through third causes of action insofar as asserted against them. Mastro, J.P., Chambers, Roman and LaSalle, JJ., concur. 