■ Noor Jahan, Appellant, v U.S. Bank National Association, as Trustee for Bear Stearns Asset-Backed Securities I Trust 2006-AC2, et al., Respondents, et al., Defendants. [9 NYS3d 65]—

In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property and for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Dufficy, J.), dated June 20, 2013, which granted the motion of the defendants U.S. Bank National Association, as Trustee for Bear Stearns Asset-Backed Securities I Trust 2006-AC2, Mortgage Electronic Registration Systems, Inc., and Wells Fargo Bank, National Association, pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the subject mortgage dated December 21, 2005, is not null and void.

The plaintiff commenced this action, inter alia, pursuant to

RPAPL article 15 to quiet title against, among others, the defendants U.S. Bank National Association, as Trustee for Bear Stearns Asset-Backed Securities I Trust 2006-AC2, Mortgage Electronic Registration Systems, Inc., and Wells Fargo Bank, National Association (hereinafter collectively the defendants), the alleged holders and former holders of the subject mortgage, dated December 21, 2005, and for a judgment, inter alia, declaring that the subject mortgage is null and void. The defendants moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them.

A motion pursuant to CPLR 3211 (a) (1) to dismiss based on documentary evidence may be appropriately granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see YDRA, LLC v Mitchell*, 123 AD3d 1113 [2014]). On a motion pursuant to CPLR 3211 (a) (7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).

Here, the documentary evidence conclusively established the validity of the subject mortgage and note. The allegations in the complaint failed to set forth the existence of a bona fide justiciable controversy as to whether the subject property is wrongfully encumbered, and the plaintiff is not entitled to the relief she seeks (*see* CPLR 3211 [a] [1], [7]; RPAPL 1515; *Benson v Deutsche Bank Natl. Trust, Inc.*, 109 AD3d 495, 498 [2013]; *see also Acocella v Bank of N.Y. Mellon*, 127 AD3d 891 [2015] [decided herewith]). To the extent that the plaintiff, in effect, challenges the defendants' standing to commence an action to foreclose the subject mortgage, that contention is misplaced, as this is not an action to foreclose a mortgage, and standing is not an issue herein (*see Acocella v Bank of N.Y. Mellon*, 127 AD3d 891 [2015] [decided herewith]; *cf. Bank of Am., N.A. v Paulsen*, 125 AD3d 909 [2015]). Accordingly, under these circumstances, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the subject mortgage dated December 21, 2005, is not null and void (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Sgroi, Maltese and LaSalle, JJ., concur.