(April 15, 2015)

■ FRANK A. ACOCELLA et al., Appellants, v BANK OF NEW YORK MELLON, Formerly Known as BANK OF NEW YORK, et al., Respondents. [9 NYS3d 67]—

In an action pursuant to RPAPL article 15 to quiet title to real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated June 20, 2013, as granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against the defendant Bank of New York Mellon, formerly known as Bank of New York, and denied that branch of their cross motion which was for summary judgment on the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this action pursuant to RPAPL article 15, the plaintiffs seek, inter alia, to cancel a mortgage against their premises, claiming that a 2011 assignment of the mortgage was a nullity because it was made without a corresponding written assignment or physical delivery of the underlying mortgage note to the assignee.

According to the complaint, on September 24, 2004, the plaintiff Frank A. Acocella executed a note to borrow the sum of $546,000 from the First Magnus Financial Corporation (hereinafter First Magnus). The note was secured by a mortgage against the plaintiffs' premises in Harrison, New York. The mortgage and note were recorded on January 3,

2005. Over six years later, on October 4, 2011, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for First Magnus, assigned the mortgage to the defendant Bank of New York Mellon, formerly known as Bank of New York (hereinafter BNYM).

The note was subsequently endorsed by First Magnus to Countrywide Document Custody Services (hereinafter Countrywide Document), and thereafter endorsed by Countrywide Document to Countrywide Home Loans, Inc. (hereinafter Countrywide Home). Countrywide Home then endorsed the note without recourse in blank. The complaint asserted that the mortgage loan was current and that there was no pending foreclosure action against the plaintiffs.

The complaint demands that the defendants and every person claiming under them be barred from all claims to an estate or interest in the subject property, that the court determine that the plaintiffs are vested with absolute title in fee simple to the subject property free and clear of the note and mortgage, that the mortgage be discharged and cancelled of record, and that the plaintiffs recover all costs paid to the defendants after the October 4, 2011, assignment of the mortgage, which totals $92,489.28.

The defendants moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against BNYM on the grounds that the plaintiffs' claims were not justiciable, and that even if they were justiciable, there was no basis in law or fact for the relief requested. The plaintiffs opposed the motion and, despite the fact that issue had not yet been joined, cross-moved for summary judgment on the complaint, submitting documentary evidence. The plaintiffs argued that the documentary evidence showed that while the note had been endorsed by First Magnus in favor of Countrywide Document, and endorsed by Countrywide Document in favor of Countrywide Home, and then endorsed by Countrywide Home in blank, the mortgage had been assigned directly from First Magnus to BNYM, skipping over Countrywide Home. The plaintiffs maintained that the transfer of the mortgage without the note made the mortgage a nullity, and discharge of the mortgage was therefore required.

In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court is required to accept the facts as alleged in the complaint as true, accord the plaintiffs the benefit of every favorable inference, and determine whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). "To maintain an equitable quiet

title claim, a plaintiff must allege actual or constructive possession of the property and the existence of a removable 'cloud' on the property, which is an apparent title, such as in a deed or other instrument, that is actually invalid or inoperative" (*Barberan v Nationpoint*, 706 F Supp 2d 408, 418 [SD NY 2010]; *see* RPAPL 1515). Accepting the factual allegations in the complaint as true, and according the plaintiffs every favorable inference, the allegations in the complaint herein nevertheless fail to set forth the existence of a bona fide justiciable controversy as to whether title to the subject property is wrongfully encumbered (*see Jahan v U.S. Bank N.A.*, 127 AD3d 926 [2015] [decided herewith]; *Benson v Deutsche Bank Natl. Trust, Inc.*, 109 AD3d 495, 498 [2013]).

To the extent that the plaintiffs' allegations challenge the current standing of any of the defendants to maintain a foreclosure action (*see generally Bank of N.Y. v Silverberg*, 86 AD3d 274, 280 [2011]), it is undisputed that the plaintiffs are not in default and there is no pending foreclosure action in existence or being threatened. Moreover, the plaintiffs do not allege that any entity other than BNYM is claiming an interest in the mortgage or an entitlement to payments on the mortgage debt. Therefore, the Supreme Court properly determined that there is no justiciable controversy (*see Jahan v U.S. Bank N.A.*, 127 AD3d 926 [2015] [decided herewith]).

With respect to their cross motion for summary judgment, the evidence submitted by the plaintiffs failed to establish that the subject mortgage was invalid. The plaintiffs also failed to establish any additional ground upon which they would be entitled to the relief requested, including, but not limited to, proof that they satisfied the mortgage (*see* Real Property Law § 275).

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against BNYM and denied that branch of the plaintiffs' cross motion which was for summary judgment on the complaint. Balkin, J.P., Roman, Sgroi and LaSalle, JJ., concur.