■ ELSA O'REILLY, Appellant, v CONRAD PETER KEENE et al., Defendants, and TRIBECA LENDING CORP., Respondent. [24 NYS3d 508]—

Order, Supreme Court, New York County (Lucy Billings, J.), entered November 6, 2014, which, to the extent appealed from as limited by the briefs, granted defendant Tribeca Lending Corp.'s (Tribeca) motion to dismiss the complaint, pursuant to CPLR 3211 (a) (1) and (7), seeking quiet title against it, unanimously affirmed, without costs.

The complaint fails to state a claim for quiet title. Plaintiff has not sufficiently alleged her interest in the property, and the record reflects that title passed to defendant Keene in 2006 via a quitclaim deed, which did not contain any substantive deficiency (RPAPL 1515 [1] [b]; *East 41st St. Assoc. v 18 E. 42nd St.*, 248 AD2d 112, 114 [1st Dept 1998]). Given the validity of the 2006 quitclaim deed, plaintiff's later attempt to convey the property to herself via a correction deed also fails because, inter alia, "a deed from an entity that does not possess title . . . is inoperative as a conveyance" (*see e.g. Gilliland v Acquafredda Enters., LLC*, 92 AD3d 19, 25 [1st Dept 2011]; Real Property Law § 245). In any event, Tribeca's interest in the property, as a bona fide encumbrancer, is protected against plaintiff's claim (Real Property Law § 266; *Miller-Francis v Smith-Jackson*, 113 AD3d 28, 34 [1st Dept 2013]). We have

considered plaintiff's remaining contentions and find them unavailing. Concur—Friedman, J.P., Acosta, Andrias, Saxe and Feinman, JJ.