SECOND DEPARTMENT, MAY, 2016

(May 4, 2016)

■ FRANK A. ACOCELLA et al., Appellants, v WELLS FARGO BANK, N.A., Defendant, and BANK OF NEW YORK MELLON as Trustee for CSMC TRUST 2011-11 et al., Respondents. [32 NYS3d 187]—

In an action pursuant to RPAPL article 15 to quiet title to real property, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Smith, J.), dated Febru-

ary 24, 2014, which granted the motion of the defendants Bank of New York Mellon as Trustee for CSMC Trust 2011-11 and Green Tree Servicing, LLC, pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs; and it is further,

Ordered that on the Court's own motion, counsel for the respective parties are directed to show cause why an order should or should not be made and entered imposing such sanctions and costs, if any, against the plaintiffs and/or their counsel pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, by filing an original and four copies of an affirmation or affidavit on that issue in the office of the Clerk of this Court and serving one copy of the same on each other on or before June 3, 2016; and it is further,

Ordered that the Clerk of the Court, or her designee, is directed to serve counsel for the respective parties with a copy of this decision and order by regular mail.

In this action pursuant to RPAPL article 15, the plaintiffs seek, inter alia, to cancel a mortgage against their premises, claiming that a 2011 assignment of the mortgage was improper. According to the complaint, on March 16, 2007, the plaintiffs executed a note in the sum of $650,000 in favor of the defendant Wells Fargo Bank, N.A. (hereinafter Wells Fargo). The note was secured by a mortgage against the plaintiffs' real property in Harrison. The mortgage was recorded. In 2011, Wells Fargo assigned the mortgage to the defendant Bank of New York Mellon as Trustee for CSMC Trust 2011-11 (hereinafter BNYM). The note was subsequently endorsed by Wells Fargo without recourse in blank. BNYM possessed the note, and the defendant Green Tree Servicing, LLC (hereinafter Green Tree), was the servicer of the mortgage. The complaint asserted that the mortgage loan was current and that there was no pending action to foreclose the mortgage. The complaint demanded that the defendants and every person claiming under them be barred from all claims to an estate or interest in the subject property, that the court determine that the plaintiffs are vested with absolute title in fee simple to the property free and clear of the note and mortgage, that the mortgage be discharged and cancelled of record, and that the plaintiffs recover all costs paid to the defendants after the 2011 assignment of the mortgage.

BNYM and Green Tree moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them on the grounds that the plaintiffs' claims were not justiciable, and

that even if they were justiciable, there was no basis in law or fact for the relief requested. The Supreme Court granted the motion, and the plaintiffs appeal.

In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court is required to accept the facts as alleged in the complaint as true, accord the plaintiffs the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). To maintain an equitable quiet title claim, a plaintiff must allege actual or constructive possession of the property and the existence of a removable cloud on the property, which is an apparent title, such as in a deed or other instrument, that is actually invalid or inoperative (*see* RPAPL 1515; *Acocella v Bank of N.Y. Mellon*, 127 AD3d 891 [2015]; *Barberan v Nationpoint*, 706 F Supp 2d 408 [SD NY 2010]). Here, accepting the factual allegations in the complaint as true, and according the plaintiffs the benefit of every favorable inference, the allegations in the complaint failed to set forth the existence of a bona fide justiciable controversy as to whether title to the subject property is wrongfully encumbered (*see Jahan v U.S. Bank N.A.*, 127 AD3d 926 [2015]; *Acocella v Bank of N.Y. Mellon*, 127 AD3d 891 [2015]; *Benson v Deutsche Bank Natl. Trust, Inc.*, 109 AD3d 495, 498 [2013]). It is undisputed that the plaintiffs are not in default on the mortgage loan, and there is no pending foreclosure action in existence. Moreover, the plaintiffs did not allege that any entity other than BNYM is claiming an interest in the mortgage or an entitlement to payments on the mortgage debt. Therefore, the Supreme Court properly determined that there is no justiciable controversy (*see Jahan v U.S. Bank N.A.*, 127 AD3d 926 [2015]; *Acocella v Bank of N.Y. Mellon*, 127 AD3d at 892). The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the motion of BNYM and Green Tree pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them.

We note that the plaintiffs continued to prosecute the instant appeal after this Court, by decision and order dated April 15, 2015, rejected identical claims in a separate action commenced by them (*see Acocella v Bank of N.Y. Mellon*, 127 AD3d 891 [2015]). The conduct of the plaintiffs and their attorney in pursuing the instant appeal appears to be completely without merit in law or fact and unsupported by a reasonable argument for an extension, modification, or reversal of existing law, or undertaken primarily to delay or prolong the resolution of litigation or to harass or maliciously injure another (*see* 22

NYCRR 130-1.1 [c]; *Palmieri v Thomas*, 29 AD3d 658, 659 [2006]; *Weinstock v Weinstock*, 253 AD2d 873, 874 [1998]). Accordingly, we direct counsel for the parties to submit affirmations or affidavits on the issue of the imposition of sanctions and/or costs against the plaintiffs and/or their counsel pursuant to 22 NYCRR 130-1.1 (c). Rivera, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.