■ JONATHAN ZUNIGA et al., Respondents, v BAC HOME LOANS SERVICING, L.P., Formerly Known as COUNTRYWIDE HOME LOANS SERVICING, LP, Appellant. [47 NYS3d 374]—

In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the defendant appeals from an order of the Supreme Court, Nassau County (Brown, J.), dated September 2, 2014, which denied its motion pursuant to CPLR 3211 (a) (7) or, in the alternative, pursuant to CPLR 3212, to dismiss the complaint and for leave to enter a default judgment on its counterclaim for sanctions.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint, and substituting therefor a provision granting that branch of the motion to the extent of dismissing the plaintiff's sole cause of action except insofar as it is predicated on the allegation that the subject promissory note has been satisfied, and otherwise denying that branch of the motion; as so modified, the order is affirmed, with costs to the defendant.

In this action pursuant to RPAPL article 15, the plaintiffs seek to cancel a mortgage against their premises, alleging, inter alia, that the trading of the mortgage independent of the promissory note "voided and nullified" the mortgage, that a 2010 assignment of the mortgage, independent of the note, was a nullity, and that the promissory note has been satisfied. The defendant moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court is required to accept the facts as alleged in the complaint as true, accord the plaintiffs the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Acocella v Wells Fargo Bank, N.A.*, 139 AD3d 647 [2016]; *Bayview Loan Servicing, LLC v White*, 134 AD3d 755 [2015]; *Pirrelli v OCWEN Loan Servicing, LLC*, 129 AD3d 689 [2015]; *Jahan v U.S. Bank N.A.*, 127 AD3d 926 [2015]; *Benson v Deutsche Bank Natl. Trust, Inc.*, 109 AD3d 495 [2013]). Although the facts pleaded are presumed to be true and are to be accorded every favorable inference, "bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration" (*Everett v Eastchester Police Dept.*, 127 AD3d 1131, 1132 [2015]).

To maintain a cause of action to quiet title, a plaintiff must allege actual or constructive possession of the property and the existence of a removable cloud on the property, which is an apparent title to the property, such as in a deed or other instrument, that is actually invalid or inoperative (*see* RPAPL 1515; *Acocella v Wells Fargo Bank, N.A.*, 139 AD3d at 649; *Acocella v Bank of N.Y. Mellon*, 127 AD3d 891 [2015]; *Barberan v Nationpoint*, 706 F Supp 2d 408, 418 [US Dist Ct, SD NY 2010]).

Here, the documentary evidence conclusively established the existence of the subject mortgage and note. The vast majority of the allegations in the complaint fail to set forth the existence of any bona fide justiciable controversy as to whether the

subject property is wrongfully encumbered (*see* CPLR 3211 [a] [7]; RPAPL 1515; *Jahan v U.S. Bank N.A.*, 127 AD3d 926 [2015]; *Acocella v Bank of N.Y. Mellon*, 127 AD3d 891 [2015]; *Benson v Deutsche Bank Natl. Trust, Inc.*, 109 AD3d 495 [2013]; *see also Ruiz v Mortgage Elec. Registration Sys., Inc.*, 130 AD3d 1000 [2015]). The plaintiffs' bare legal assertion that the "trading" of the mortgage separate and apart from the underlying note rendered the security interest null and void is without merit (*see Ruiz v Mortgage Elec. Registration Sys., Inc.*, 130 AD3d at 1002). Insofar as the plaintiffs, in effect, challenge the defendant's standing to commence an action to foreclose the subject mortgage, that contention is misplaced, as this is not an action to foreclose a mortgage, and standing is not an issue herein (*see Jahan v U.S. Bank N.A.*, 127 AD3d at 927; *Acocella v Bank of N.Y. Mellon*, 127 AD3d at 893).

To the extent, however, that the complaint alleges that the subject promissory note "was satisfied," we find that this sufficiently states a cause of action under RPAPL article 15 (*see e.g. Guccione v Estate of Guccione*, 84 AD3d 867 [2011]).

Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 3211 (a) (7) to the extent of dismissing the plaintiff's sole cause of action, except insofar as it is predicated on the allegation that the subject promissory note has been satisfied.

While the defendant also moved, in the alternative, for summary judgment pursuant to CPLR 3212, it failed to demonstrate the admissibility of the records relied upon by its affiant under the business records exception to the hearsay rule (*see* CPLR 4518 [a]) and, therefore, failed to establish, prima facie, that the promissory note remained unpaid (*see HSBC Mtge. Servs., Inc. v Royal*, 142 AD3d 952 [2016]). Accordingly, the defendant was not entitled to summary judgment dismissing the only surviving portion of the plaintiffs' cause of action, which was predicated on the allegation that the subject promissory note has been satisfied, regardless of the sufficiency of the papers submitted in opposition (*see US Bank N.A. v Madero*, 125 AD3d 757 [2015]).

That branch of the defendant's motion which was for leave to enter a default judgment on its counterclaim for sanctions was properly denied. New York does not recognize an independent cause of action for the imposition of sanctions relating to frivolous actions (*see Lewis, Brisbois, Bisgaard & Smith, LLP v Law Firm of Howard Mann*, 141 AD3d 574 [2016]). Where a valid cause of action is not stated, the pleading party moving for judgment on that cause of action is not entitled to the

requested relief, even on default (*see LIUS Group Intl. Endwell, LLC v HFS Intl., Inc.*, 92 AD3d 918, 920 [2012]; *Church of S. India Malayalam Congregation of Greater N.Y. v Bryant Installations, Inc.*, 85 AD3d 706, 707 [2011]; *Green v Dolphy Constr. Co.*, 187 AD2d 635, 636 [1992]). Chambers, J.P., Maltese, Barros and Connolly, JJ., concur.