16-1200-cv
Nucci v. PHH Mortgage Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of February, two thousand seventeen.

PRESENT:   BARRINGTON D. PARKER,
           REENA RAGGI,
           CHRISTOPHER F. DRONEY,
                     *Circuit Judges*.
------------------------------------------------------------------------
NICOLA NUCCI,
                     *Plaintiff-Appellant*,


           v.                                          No. 16-1200-cv

PHH MORTGAGE CORPORATION,
                     *Defendant-Appellee*,

COMMERCE BANK, N.A.,
                     *Defendant*.
------------------------------------------------------------------------
FOR APPELLANT:                    Nicola Nucci, *pro se*, Brooklyn, New York.

APPEARING FOR APPELLEE:           KEVIN P. POTERE, Duane Morris LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*; Robert M. Levy, *Magistrate Judge*).

1

Upon due consideration, it is hereby ORDERED, ADJUDGED, AND DECREED that the March 16, 2016 judgment of the district court is AFFIRMED.

Appellant Nicola Nucci, proceeding *pro se*, appeals from the district court's dismissal of his quiet-title claim relating to a December 20, 2005 Consolidation, Extension, and Modification Agreement ("CEMA"). That agreement—signed by Nucci, defendant PHH Mortgage Corp. ("PHH"), and non-party Mortgage Electronic Registration Systems, Inc. ("MERS")—consolidated two existing mortgages and associated promissory notes, whose validity Nucci does not dispute. The agreement also incorporated by reference an annexed consolidated note and consolidated mortgage. We review *de novo* the district court's dismissal for lack of standing and failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6); *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 84–85 (2d Cir. 2014) (standing); *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015) (failure to state claim). In so doing, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm substantially for the reasons stated by the district court in adopting the magistrate judge's report & recommendation. *See Nucci v. PHH Mortg. Corp.*, No. 14 CV 2683 (NGG) (RML), 2016 WL 1070815 (E.D.N.Y. Mar. 16, 2016).

1.  Standing

"The question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues" and implicates both constitutional and prudential limits to jurisdiction. *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d at 84 (alteration and internal quotation marks omitted). To establish standing under

2

Article III of the Constitution, a plaintiff must have suffered "an injury in fact . . . which is (a) concrete and particularized, . . . and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 85 (internal quotation marks omitted). Under the prudential standing rule, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Id.* at 86 (internal quotation marks omitted). Upon review, we conclude that the district court properly dismissed Nucci's challenge to the assignments of his consolidated mortgage for lack of standing. Nucci's mortgage payments, which he had agreed to make before the consolidation, did not satisfy the injury requirement for constitutional standing. *See id.* Moreover, Nucci was not a party to, or a third-party beneficiary of, the assignments of his mortgage, and therefore did not have prudential standing to challenge those transactions. *See id. Glaski v. Bank of America National Association*, 160 Cal. Rptr. 3d 449 (Cal. Ct. App. 2013), cited by Nucci, does not control this court and, as the district court observed, is against the overwhelming weight of case law. *See Nucci v. PHH Mortg. Corp.*, 2016 WL 1070815, at *3.

2.    Failure To State Claim

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Bare allegations amounting only to "legal conclusions" cannot defeat a 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3

New York Real Property Actions and Proceedings Law § 1515—under which Nucci asserts he brought this action to quiet title[1]—does not require that a plaintiff specifically plead the invalidity of an encumbering instrument. *See West 14th St. Commercial Corp. v. 5 W. 14th Owners Corp.*, 815 F.2d 188, 196 (2d Cir. 1987). It does, however, require that a plaintiff adequately plead "the existence of a bona fide justiciable controversy as to whether title to the subject property is wrongfully encumbered." *Acocella v. Wells Fargo Bank, NA*, 139 A.D.3d 647, 649, 32 N.Y.S.3d 187, 189 (2d Dep't 2016). Nucci has not done so. First, as the district court correctly observed, the documents Nucci attached to his complaint conclusively establish that the CEMA he signed expressly incorporates the terms of the consolidated mortgage he disputes as invalid for lack of a signature. *See Nucci v. PHH Mortg. Corp.*, 2016 WL 1070815, at *3. In any event, the consolidated mortgage does not represent an encumbrance independent from the two prior—and undisputed—mortgages that it consolidates. *See id.* at *4–5 (citing *Benson v. Deutsche Bank Nat'l Tr., Inc.*, 109 A.D.3d 495, 498, 970 N.Y.S.2d 794, 797 (2d Dep't 2013)). As such, it cannot cloud title to the property, and Nucci cannot state a claim under § 1515. *See Acocella v. Wells Fargo Bank, N.A.*, 139 A.D.3d at 649, 32 N.Y.S.3d at 189 ("[A] plaintiff must allege . . . the existence of a removable cloud on the property . . . that is actually invalid or inoperative.").

---

[1] Although Nucci's complaint fails to comply with § 1515's express requirement that a complaint "state that the action is brought pursuant to" Article 15, we liberally construe the claim to quiet title to arise under that section in accordance with his explanation. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

Insofar as Nucci's claim to quiet title might also be construed to arise under common law based on fraud, Nucci fails to plead facts showing the requisite material misrepresentation or omission by PHH and an injury caused by his reliance. *See Crigger v. Fahnestock & Co., Inc.*, 443 F.3d 230, 234 (2d Cir. 2006).

Because Nucci's quiet-title claim fails in the first instance, his request to amend his complaint to add or substitute Fannie Mae as a party in interest is futile, and we decline to disturb the district court's conclusion in that regard.

We have considered Nucci's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court