Cudjoe v Boriskin (2018 NY Slip Op 00127)





Cudjoe v Boriskin


2018 NY Slip Op 00127


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2016-04261
 (Index No. 2052/15)

[*1]Marva Cudjoe, appellant, 
v
Sara Z. Boriskin, et al., respondents, et al., defendant.


Marva Cudjoe, Elmont, NY, appellant pro se.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Joseph E. Macy of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Brown, J.), entered March 9, 2016, which granted the motion of the defendants Sara Z. Boriskin, Persia M. Kinraich, and Kim Walker pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, and denied her cross motion for relief pursuant to CPLR 3024(b) and denied her separate cross motion to disqualify those defendants' attorney and his law firm.
ORDERED that the appeal from so much of the order as denied the plaintiff's cross motion for relief pursuant to CPLR 3024(b) is dismissed, as no appeal lies as of right therefrom (see CPLR 5701[b][3]), and we decline to grant leave to appeal; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
In 2006, the plaintiff, Marva Cudjoe, executed a note in favor of Countrywide Bank, N.A. (hereinafter Countrywide), and, as security, gave a mortgage to Mortgage Electronic Registration System, Inc. (hereinafter MERS), as nominee for the lender. Cudjoe subsequently defaulted under the terms of the note and mortgage by failing to make the payment due. Thereafter, MERS, as nominee for Countrywide, assigned the mortgage to the defendant BAC Home Loans Servicing, LP (hereinafter BAC). The written assignment was executed by the defendant Sara Z. Boriskin, Assistant Secretary, MERS, as nominee for Countrywide, and was notarized by the defendant Kim Walker. BAC later commenced a foreclosure action against Cudjoe, alleging, inter alia, that it was the holder of the note and mortgage. The defendant Persia M. Kinraich allegedly signed the complaint in the foreclosure action commenced against Cudjoe.
While the foreclosure action remained pending, Cudjoe commenced the instant action to quiet title, alleging that Boriskin was without authority to execute the assignment of mortgage and, thus, that "the defendants have engaged in a wrongful foreclosure action, based upon fraud." [*2]Boriskin, along with Kinraich and Walker (hereinafter collectively the defendants), made a pre-answer motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. The Supreme Court granted the motion. Cudjoe appeals.
To maintain a cause of action to quiet title, a plaintiff must allege actual or constructive possession of the property and the existence of a removable cloud on the property, which is an apparent title to the property, such as in a deed or other instrument, that is actually invalid or inoperative (see Zuniga v BAC Home Loans Servicing, L.P., 147 AD3d 882, 883). Here, Cudjoe does not dispute the validity of the note and mortgage. Instead, she, in effect, challenges BAC's standing to commence the foreclosure action. That challenge is misplaced in this action, which seeks not to foreclose a mortgage, but to quiet title. Standing to commence the foreclosure action is not properly raised in this action to quiet title (see id. at 883; Jahan v U.S. Bank N.A., 127 AD3d 926, 927). That issue should have been raised, if at all, in the foreclosure action. Accordingly, Cudjoe's contentions regarding standing did not provide a basis for relief in this action, and the Supreme Court properly granted the defendants' motion to dismiss the complaint insofar as asserted against them (see CPLR 3211[b]).
The Supreme Court also properly denied Cudjoe's separate cross motion to disqualify the defendants' attorney and his law firm (see Wells Fargo Bank, N.A. v Caro, 82 AD3d 880, 881).
BALKIN, J.P., AUSTIN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court