Nurse v Rios (2018 NY Slip Op 02640)





Nurse v Rios


2018 NY Slip Op 02640


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2015-09712
 (Index No. 508788/14)

[*1]Patrick Nurse, appellant, 
v
Edna Rios, respondent, et al., defendants.


Butler, Fitzgerald, Fiveson & McCarthy, New York, NY (David K. Fiveson and Claudia G. Jaffe of counsel), for appellant.
Richland & Falkowski, PLLC, Lindenhurst, NY (Daniel H. Richland of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Arthur M. Schack, J.), dated August 12, 2015, which granted that branch of the motion of the defendant Edna Rios which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her.
ORDERED that the order is reversed, on the law, with costs, and that branch of the motion of the defendant Edna Rios which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her is denied.
"To maintain a cause of action to quiet title [to real property], a plaintiff must allege actual or constructive possession of the property and the existence of a removable cloud on the property, which is an apparent title to the property, such as in a deed or other instrument, that is actually invalid or inoperative" (Zuniga v BAC Home Loans Servicing, L.P., 147 AD3d 882, 883; see RPAPL 1515; RPAPL 1501[1]; O'Reilly v Keene, 136 AD3d 482; Jahan v U.S. Bank Natl. Assn., 127 AD3d 926; Benson v Deutsche Bank Natl. Trust, Inc., 109 AD3d 495).
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the pleading is afforded a liberal construction and the court must give the plaintiff "the benefit of every possible favorable inference, accept the facts alleged in the complaint as true, and determine only whether the facts as alleged fit within any cognizable legal theory" (Caravello v One Mgt. Group, LLC, 131 AD3d 1191, 1192 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87; High [*2]Tides, LLC v DeMichele, 88 AD3d 954, 956). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus" (Ehrenkranz v 58 MHR, LLC, 127 AD3d 918, 918 [internal quotation marks omitted]).
Here, the complaint alleged, in relevant part, that the plaintiff acquired title to the subject property pursuant to a deed dated September 10, 2008, from nonparty Joon Asset Mgmt. Corp. (hereinafter Joon). The complaint also alleged that the plaintiff is in possession of the property and that there exists a removable cloud on the property in the form of a deed dated January 7, 2008, and recorded November 6, 2008, purporting to convey title to the property from Joon to the defendant Edna Rios. The complaint further alleged that the deed to Rios was invalid and part of a fraudulent scheme, and that Rios's role in the scheme was that of a "straw buyer." The complaint sought to adjudge the deed dated January 7, 2008, to be a fraudulent deed, the plaintiff to be the holder of an undivided fee interest in the premises pursuant to the deed dated September 10, 2008, and Rios to be barred from all claims to any estate or interest in the premises.
Accepting these allegations as true, the complaint pleads a viable cause of action to quiet title (see Zuniga v BAC Home Loans Servicing, L.P., 147 AD3d at 883). Accordingly, the Supreme Court should have denied that branch of Rios's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her.
RIVERA, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court