Wood v Villanueva (2019 NY Slip Op 06648)





Wood v Villanueva


2019 NY Slip Op 06648


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2016-08238
 (Index No. 5261/15)

[*1]Leroy Wood, appellant, 
v
Magda Villanueva, defendant, Deutsche Bank National Trust Company, etc., respondent.


Leroy Wood, West Hempstead, NY, appellant pro se.
Houser & Allison, APC, New York, NY (David A. Smetana and Kathleen Massimo of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to real property and for a judgment declaring an assignment of a mortgage to be invalid, the plaintiff appeals from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered April 1, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendant Deutsche Bank National Trust Company which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 28, 2003, the plaintiff borrowed $184,000 from nonparty New Century Mortgage Corporation (hereinafter New Century) and executed a note in favor of New Century. As security, the plaintiff gave New Century a mortgage on real property located in West Hempstead. In April 2003, New Century assigned the note and mortgage to nonparty Morgan Stanley Capital Holdings, LLC (hereinafter Morgan Stanley), which, in an undated allonge, assigned the note to the defendant Deutsche Bank National Trust Company (hereinafter the defendant). Morgan Stanley also assigned the mortgage to the defendant in an assignment dated June 30, 2010.
In or about October 2009, the plaintiff defaulted in his payment obligations under the terms of the note and mortgage. In February 2011, the defendant commenced an action against the plaintiff in the Supreme Court, Nassau County, under Index No. 1793/11 to foreclose the mortgage. The plaintiff failed to answer or move for any relief in the foreclosure action.
On September 28, 2015, while the foreclosure action was pending, the plaintiff commenced this action pursuant to RPAPL article 15 to quiet title to real property and for a judgment declaring that the assignment of the mortgage to the defendant was invalid. Thereafter, the defendant moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it. In support of its motion, the defendant submitted copies of the documents from the foreclosure action and the affirmation of its attorney asserting, inter alia, that the plaintiff defaulted in that action. The plaintiff did not dispute the fact that he defaulted in the foreclosure action.
The Supreme Court granted the defendant's motion, concluding, inter alia, that the plaintiff, by defaulting in the foreclosure action, waived the right to challenge the defendant's standing to commence that action. The plaintiff appeals.
"In considering a motion to dismiss pursuant to CPLR 3211(a)(7), the court is required to accept the facts as alleged in the complaint as true, accord the plaintiffs the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Zuniga v BAC Home Loans Servicing, L.P., 147 AD3d 882, 883).
"To maintain a cause of action to quiet title, a plaintiff must allege actual or constructive possession of the property and the existence of a removable cloud on the property, which is an apparent title to the property, such as in a deed or other instrument that is actually invalid or inoperative" (Cudjoe v Boriskin, 157 AD3d 654, 655). Here, the plaintiff disputes neither the validity of the note and mortgage nor the fact that he defaulted in the foreclosure action. Instead, the plaintiff challenges the defendant's standing to commence the foreclosure action by alleging that the assignment from New Century to Morgan Stanley and the assignment from Morgan Stanley to the defendant were invalid.
Standing to commence the foreclosure action is not properly raised in this action to quiet title (see Cudjoe v Boriskin, 157 AD3d at 655; Zuniga v BAC Home Loans Servicing, L.P., 147 AD3d at 884). Accordingly, the complaint fails to state a cause of action, and the defendant was entitled to dismissal of the complaint insofar as asserted against it pursuant to CPLR 3211(a)(7).
The plaintiff's remaining contention is without merit.
RIVERA, J.P., DILLON, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court