People v Bayne (2019 NY Slip Op 06648)





People v Bayne


2019 NY Slip Op 06648


Decided on September 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 19, 2019

109207 109208

[*1]The People of the State of New York, Respondent,
v
Alexander Bayne, Appellant.

Calendar Date: August 30, 2019

Before: Egan Jr., J.P., Lynch, Clark, Aarons and Rumsey, JJ.


Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Rebecca Nealon of counsel), for respondent.



Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered November 16, 2016, convicting defendant upon his pleas of guilty of the crimes of criminal sale of a controlled substance in the third degree and attempted assault in the second degree.
Defendant was charged in an indictment with various drug-related crimes. While he was in jail pending the disposition of these charges, he was involved in an altercation with a correction officer and was charged in a superior court information with attempted assault in the second degree. In satisfaction of the indictment, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and was required to waive his right to appeal. Under the terms of the plea agreement, defendant was permitted to choose whether to be sentenced to a determinate prison term of nine years followed by three years of postrelease supervision or to allow County Court to select an appropriate determinate prison term of between 7 and 10 years followed by three years of postrelease supervision. After defendant admitted that he was a second felony offender, County Court adjourned the proceedings for sentencing.
The proceedings subsequently resumed on both accusatory instruments, at which time defendant pleaded guilty to attempted assault in the second degree as charged in the superior court information. He was again required to waive his right to appeal. Under the terms of this plea agreement, defendant was to be sentenced as a second felony offender to 2 to 4 years in prison, to run concurrently with the sentence imposed upon his conviction of criminal sale of a controlled substance in the third degree. Defendant elected to have County Court select the appropriate sentence for his criminal sale conviction, and the court sentenced him to 8½ years in prison, followed by three years of postrelease supervision. It then sentenced him to a concurrent prison term of 2 to 4 years on the attempted assault conviction. Defendant appeals.
Defendant challenges the severity of the sentence and contends that he is not precluded from doing so because his appeal waivers were invalid. We disagree. The record demonstrates that, in connection with both of his guilty pleas, defendant "knowingly, voluntarily and intelligently waived his right to appeal — both orally and in writing — after he expressly acknowledged that he understood the separate and distinct nature of the waiver of the right to appeal from those rights automatically forfeited by the plea and the consequences thereof" (People v Pantoja, 172 AD3d 1826, 1826 [2019]; see People v King, 172 AD3d 1763, 1763-1764 [2019]). Moreover, defendant executed the written waivers in open court after conferring with counsel and indicated that he understood their ramifications (see People v Haggray, 172 AD3d 1825, 1825 [2019], lv denied ___ NY3d ___ [Aug. 7, 2019]; People v King, 172 AD3d at 1764). Accordingly, given that the appeal waivers were valid, defendant is foreclosed from claiming that the sentence is harsh and excessive (see People v Thacker, 173 AD3d 1360, 1361 [2019], lv denied ___ NY3d ___ [Aug. 12, 2019]; People v King, 172 AD3d at 1764).
Egan Jr., J.P., Lynch, Clark, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.