Izmirligil v Steven J. Baum, P.C. (2020 NY Slip Op 01052)





Izmirligil v Steven J. Baum, P.C.


2020 NY Slip Op 01052


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON, JJ.


2016-10837 
2016-10838
2016-10839
2017-02071
 (Index No. 612313/15)

[*1]Arif S. Izmirligil, etc., appellant, 
v
Steven J. Baum, P.C., et al., respondents, et al., defendants.


Dahiya Law Offices LLC, New York, NY (Karamvir Dahiya of counsel), for appellant.
Kaufman Dolowich & Voluck LLP, Woodbury, NY (Brett A. Scher, Andrew A. Lipkowitz, and Jonathan Isaacson of counsel), for respondents Steven J. Baum, P.C., Steven J. Baum, Brian B. Kumiega, and Patricia M. Esdinsky.
Halloran & Sage LLP, White Plains, NY (Joseph G. Fortner, Jr., of counsel), for respondent Pillar Processing, LLC.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (David V. Mignardi and Kenneth J. Flickinger of counsel), for respondents Bank of New York Mellon and Bank of New York Mellon, formerly known as Bank of New York, as trustee for Chase Mortgage Finance Trust Series 2006-S2.
Bonchonsky & Zaino, LLP, Garden City, NY (Peter R. Bonchonsky of counsel), for respondent J.P. Morgan Chase Bank, N.A.



DECISION & ORDER
In an action, inter alia, pursuant to Real Property Law § 329 to cancel of record an assignment of a mortgage, the plaintiff appeals from (1) an order and judgment (one paper) of the Supreme Court, Suffolk County (Mark D. Cohen, J.), dated August 15, 2016, (2) an order and judgment (one paper) of the same court dated September 8, 2016, (3) an order and judgment (one paper) of the same court dated September 13, 2016, and (4) an order and judgment (one paper) of the same court dated October 29, 2016. The order and judgment dated August 15, 2016, inter alia, granted the motion of the defendants Bank of New York Mellon and Bank of New York Mellon, formerly known as Bank of New York, as trustee for Chase Mortgage Finance Trust Series 2006-S2, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them, and is in favor of those defendants and against the plaintiff dismissing the amended complaint insofar as asserted against those defendants. The order and judgment dated September 8, 2016, granted the motion of the defendants Steven J. Baum, P.C., Steven J. Baum, Brian B. Kumiega, and Patricia M. Esdinsky pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them, and is in favor of those defendants and against the plaintiff dismissing the amended complaint insofar as asserted against those defendants. The order and judgment dated September 13, 2016, [*2]granted the motion of the defendant Pillar Processing, LLC, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it, and is in favor of that defendant and against the plaintiff dismissing the amended complaint insofar as asserted against that defendant. The order and judgment dated October 29, 2016, inter alia, granted the motion of the defendant J.P. Morgan Chase Bank, N.A., pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it, and is in favor of that defendant and against the plaintiff dismissing the amended complaint insofar as asserted against that defendant.
ORDERED that the orders and judgments dated August 15, 2016, September 13, 2016, and October 29, 2016, are affirmed; and it is further,
ORDERED that the order and judgment dated September 8, 2016, is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants Steven J. Baum, P.C., Steven J. Baum, Brian B. Kumiega, and Patricia M. Esdinsky which was pursuant to CPLR 3211(a) to dismiss the causes of action alleging violations of Judiciary Law § 487 by them and dismissing those causes of action, and substituting therefor a provision denying that branch of the motion; as so modified, the order and judgment dated September 8, 2016, is affirmed, and those causes of action are reinstated; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff, payable by the defendants Steven J. Baum, P.C., Steven J. Baum, Brian B. Kumiega, and Patricia M. Esdinsky, and one bill of costs is awarded to the defendants Pillar Processing, LLC, Bank of New York Mellon, Bank of New York Mellon, formerly known as Bank of New York, as trustee for Chase Mortgage Finance Trust Series 2006-S2, and J.P. Morgan Chase Bank, N.A., appearing separately and filing separate briefs, payable by the plaintiff.
In 2006, the plaintiff in the instant action, Arif S. Izmirligil, executed a note in the sum of $1,100,000 in favor of the defendant J.P. Morgan Chase Bank, N.A. (hereinafter Chase), which was secured by a mortgage on certain residential property in Suffolk County. On November 13, 2009, the mortgage was assigned from Chase to the defendant Bank of New York Mellon, formerly known as the Bank of New York, as trustee for Chase Mortgage Finance Trust Series 2006-S2 (hereinafter BNYM as trustee). On November 13, 2009, BNYM as trustee, through its then attorney of record, the defendant Steven J. Baum, P.C., commenced a mortgage foreclosure action against, among others, Izmirligil. Izmirligil defaulted in the foreclosure action.
On November 20, 2015, Izmirligil commenced the instant action, and on February 2, 2016, he filed an amended complaint. As relevant to the instant appeal, the first cause of action of the amended complaint sought to cancel of record the assignment of mortgage pursuant to Real Property Law § 329. The second cause of action of the amended complaint sought to bar BNYM as trustee from making any claim against the subject property. The third, fourth, fifth, and sixth causes of action of the amended complaint alleged violations of Judiciary Law § 487 by the defendants Steven J. Baum, P.C., Steven J. Baum, Brian B. Kumiega, and Patricia M. Esdinsky (hereinafter collectively the Baum defendants). The seventh cause of action of the amended complaint alleged violations of the Racketeer Influenced and Corrupt Organizations Act (18 USC § 1961 et. seq.; hereinafter RICO) against BNYM as trustee and the defendant Bank of New York Mellon (hereinafter together the BNYM defendants), as well as Chase, the Baum defendants, and the defendant Pillar Processing, LLC (hereinafter Pillar), an entity that purportedly prepared certain paperwork for the Baum defendants in connection with mortgage foreclosure actions.
The BNYM defendants moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them. Chase separately moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it. Similarly, the Baum defendants moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them. Pillar moved pursuant to CPLR 3211(a) to dismiss the RICO cause of action insofar as asserted against it. The Supreme Court issued four orders and judgments, inter alia, granting the separate motions and dismissing the amended complaint insofar as asserted against the moving defendants. Izmirligil appeals.
With regard to the first cause of action, Izmirligil failed to state a cause of action under Real Property Law § 329 against the BNYM defendants and Chase (see CPLR 3211[a][7]; Leon v Martinez, 84 NY2d 83, 87-88). In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d at 87). However, "allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (Maas v Cornell Univ., 94 NY2d 87, 91 [internal quotation marks omitted]; see Myers v Schneiderman, 30 NY3d 1, 11). Bank of New York Mellon was not a party to the assignment, and thus, Izmirligil failed to state a cause of action pursuant to Real Property Law § 329 against it. Further, under the circumstances presented, Izmirligil's conclusory allegations that the assignment was forged and fabricated were insufficient to state a cause of action under Real Property Law § 329 against BNYM as trustee and Chase (see generally Moffett v Gerardi, 75 AD3d 496, 498; Son Fong Lum v Antonelli, 102 AD2d 258, 260-261, affd 64 NY2d 1158).
Similarly, we agree with the Supreme Court's determination to grant that branch of the motion of the BNYM defendants which was pursuant to CPLR 3211(a)(7) to dismiss the second cause of action against BNYM as trustee (see Wood v Villanueva, 175 AD3d 1465; Zuniga v BAC Home Loans Servicing, L.P., 147 AD3d 882; Acocella v Wells Fargo Bank, N.A., 139 AD3d 647, 649; Jahan v U.S.Bank N.A., 127 AD3d 926, 927).
Further, contrary to Izmirligil's contention, the Supreme Court did not err in granting those branches of the separate motions which were to dismiss the RICO cause of action insofar as asserted against each of the moving defendants as time-barred. "The statute of limitations for civil RICO claims is four years" and "is deemed to have accrued when the plaintiff knew or should have known of his or her injury, regardless of when he or she discovered the underlying fraud'" (House of Spices [India], Inc. v SMJ Servs., Inc., 103 AD3d 848, 849-850, quoting Dempster v Liotti, 86 AD3d 169, 178; see Mitchell v Diji, 134 AD3d 779, 781). This cause of action accrued on November 30, 2009, when the foreclosure action was commenced. Accordingly, as Izmirligil did not commence the instant action until 2015, the RICO cause of action was time-barred (see Dempster v Liotti, 86 AD3d at 179).
However, we disagree with the Supreme Court's determination with regard to the third, fourth, fifth, and sixth causes of action, alleging violations of Judiciary Law § 487 by the Baum defendants. Under Judiciary Law § 487, an attorney who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party" is liable to the injured party for treble damages. "[V]iolation of Judiciary Law § 487 requires an intent to deceive, whereas a legal malpractice claim is based on negligent conduct" (Moormann v Perini & Hoerger, 65 AD3d 1106, 1108 [citation omitted]). Here, Izmirligil alleged that the Baum defendants violated Judiciary Law § 487 by, inter alia, colluding with others to forge an assignment and file a foreclosure action using a complaint containing false allegations to deceive the court and others. The evidentiary submissions of the Baum defendants did not show that the material facts claimed by Izmirligil to be facts were not facts at all and that no significant dispute exists regarding them (see Guggenheimer v Ginzburg, 43 NY2d 268, 275). Accordingly, the court should have denied that branch of the Baum defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging violations of Judiciary Law § 487 by them.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
SCHEINKMAN, P.J., RIVERA, CHAMBERS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court