OPINION OF THE COURT
Stanley L. Sklar, J.
The issue presented in this mortgage foreclosure action is whether the defendant and third-party plaintiff, Bernie’s Gold Square, Inc. (Gold Square), is entitled to an order directing the mortgagee, plaintiff Philip Goldstein (Goldstein), to assign the mortgage and deliver the note to Gold Square upon payment of all sums due under the mortgage as calculated by a Referee to be appointed. This court holds that Gold Square is entitled to an assignment and not merely a satisfaction piece.
Gold Square seeks to have a Referee appointed to compute the amount due Goldstein under the mortgage, with credit for monies collected by the receiver and applied to the mortgage payments, so that ultimately Gold Square can redeem the mortgage and have it assigned to it by Goldstein. Goldstein asserts that Gold Square as a tenant has no right to redeem the mortgage and that in any event Gold Square would not be entitled to have the mortgage assigned but would only be entitled to receive a certificate of discharge.
Gold Square as a tenant of the property is clearly a "person interested in the mortgaged premises” (see, RPAPL 1311 [1]; 2 Mortgages and Mortgage Foreclosures in New York § 41:7 [rev ed 1992]; Averill v Taylor, 8 NY 44). Accordingly, it can redeem the mortgage.
Gold Square also claims that it is entitled to an assignment of the mortgage if it tenders the amount due Goldstein under the mortgage. Gold Square has informed the court by letter dated November 24, 1992 that if it is not entitled to an assignment it does not wish to redeem the mortgage. Gold-stein asserts that, because section 275 of the Real Property Law upon which Gold Square relies (and upon which the cases cited by Gold Square relied, see, e.g., Albany Sav. Bank v Fairchild, 276 App Div 297 [4th Dept 1950]) for its entitlement to an assignment, was amended effective July 1, 1989 (L 1989, ch 241, § 87), Gold Square is no longer entitled to an assignment of the mortgage.
The court does not agree. Under the common law a party who exercised its right to redeem in a foreclosure action was not entitled to an assignment. (Ellsworth v Lockwood, 42 NY 89, 97 [1870]; 1 Bergman, New York Mortgage Foreclosures *803 § 4.07, at 4-27; 2 Mortgages and Mortgage Foreclosures in New York § 43:5 [rev ed 1992].) The tenant protected its interest by redeeming the mortgage and by so doing "succeeded] by subrogation * * * to the rights and interests of such * * * mortgagee in the lands, as security for the amount paid, without any assignment or act of transfer, by or on the part of the * * * mortgagee.” (Ellsworth v Lockwood, supra, at 96.) The right to an assignment was thereafter conferred by the enactment of Real Property Law § 275. Real Property Law § 275 was then amended.
According to a memorandum (TSB-M-89 [6.1]-R [Aug. 3, 1989]) from the New York State Department of Taxation and Finance, Taxpayer Services Division, Technical Services Bureau, former section 275 "enabled a mortgagor to avoid the mortgage recording tax by reusing a 'dormant mortgage’ as security for another loan or obligation without payment of any mortgage recording tax.” An example of a dormant mortgage is one that has been paid by the mortgagor on the due date. Under former section 275 the mortgagor could then receive an assignment of such mortgage, obtain years later a new loan from a different lender, and reuse the old mortgage which had been assigned by the first mortgagee without paying a new mortgage recording tax. The Department of Taxation’s memorandum indicates that in a situation (such as the one presented in the foregoing example), "[l]ogically, upon assignment to the mortgagor or the mortgagor’s nominee, the mortgage lien has ceased to secure any bona fide obligation, and therefore, the mortgage lien should be considered to have ceased to exist for mortgage recording tax purposes.”
While the current version of Real Property Law § 275 does not explicitly provide that a party in the circumstances presented in the instant case is entitled to an assignment in lieu of a certificate of discharge, such relief can be inferred from a review of the amended statute and the reason for its amendment. Real Property Law § 275 (1) provides that a certificate of discharge (as opposed to an assignment) shall be given to the mortgagor or its designee whenever the "full amount of principal and interest due on the mortgage is paid.” However, "the full amount of principal and interest due on a mortgage shall not be considered to be paid whenever such mortgage continues to secure a bona fide debt and an enforceable lien continues to exist.” (Real Property Law § 275 [2].) While the statute goes on to list situations in which the mortgage is not *804 considered paid, the examples are merely illustrative and do not exclude other possibilities.
In the instant case, an enforceable lien will continue to exist on the premises by operation of law in the event that Gold Square pays all sums due under the mortgage. Accordingly, Gold Square is entitled to an assignment in the event that it tenders all sums due under the mortgage including attorneys’ fees. Gold Square’s claim that Goldstein is not entitled to attorneys’ fees is without merit. (See, Community Sav. Bank v Shaad, 105 AD2d 1063, 1064 [4th Dept 1984].)
Accordingly, Gold Square is entitled to redeem the mortgage and if it does, is entitled to an assignment of the mortgage, but it must tender all sums due under the mortgage including attorneys’ fees and all expenses of the action.
[Portions of opinion omitted for purposes of publication.]