OPINION OF THE COURT
Joan B. Lefkowitz, J.
The defendant mortgagor, Salvatore Di Paolo, moves for an order directing the plaintiff mortgagee (2301) to assign the mortgage to a third-party lender. The plaintiff cross-moves for attorney’s fees pursuant to a stipulation of the parties made *384 September 30, 1999, which stipulation attempted to resolve the mortgage foreclosure proceeding.
Since an action to foreclose a mortgage is equitable in nature (River Bank Am. v Stabile, 216 AD2d 104 [1st Dept 1995]) and, prior to an actual sale in foreclosure, the court is authorized to condition any enforcement procedure (CPLR 5240; Guardian Loan Co. v Early, 47 NY2d 515 [1979]; Wandschneider v Bekeny, 75 Misc 2d 32 [Sup Ct, Westchester County 1973]), this court may exercise its discretionary powers to meet the exigent circumstances where, as here, the mortgagor has been able to secure financing to redeem or satisfy the accelerated amount due. While the plaintiff is prepared to accept the moneys to be tendered (now retained in the mortgagor’s attorney’s escrow account) and to assign the mortgage to the mortgagor, it refuses to assign the mortgage to the third-party lender. (Cf. Real Property Law § 275.)
There are apparently junior liens on the real property, the residence of the mortgagor. Generally, once a mortgage is delivered to the mortgagor in apparent satisfaction of the underlying debt, the law implies a merger of interests, legal and equitable, so that the mortgage lien is extinguished unless the parties to the transaction express a different intention, which ordinarily presents factual issues for trial. (Krekeler v Aulbach, 51 App Div 591 [1st Dept 1900], affd 169 NY 372 [1902]; Egrini v County of Suffolk, 157 Misc 2d 988 [Sup Ct, Suffolk County 1993]; Erhal Holding Corp. v Mobile, NYLJ, July 25, 1994, at 30, col 3 [Sup Ct, Westchester County]; see Mitzner, Court Rules on Mortgage Termination, NYLJ, Sept. 26, 1994, at S1, S9; 78 NY Jur 2d, Mortgages and Deeds of Trust §§ 314-321.) At bar, there would appear to be sufficient reasons for the mortgagor to avoid merger as junior encumbrances exist but there is no intention to defraud any person. All the mortgagor is attempting to do is to substitute lenders in the nature of refinancing.
Prior to 1989 and 1990 when section 275 of the Real Property Law was amended, mortgagees had to assign the mortgage or execute a satisfaction piece at the request of the mortgagor. Now the statute is permissive as to assignments, not mandatory. (Harris v Crossland Mtge. Corp., 160 Misc 2d 520 [Nassau Dist Ct 1994].) However, where the party making the payment has a right to redeem (i.e., usually the owner-mortgagor) and the real property would otherwise be foreclosed upon, the courts have directed assignments of the mortgages to the payor. (River Bank Am. v Stabile, 216 AD2d 104, supra; *385 Goldstein v Soledad Place Corp., 157 Misc 2d 801 [Sup Ct, NY County 1993]; but cf. Harris v Crossland Mtge. Corp., 160 Misc 2d 520, supra [no assignment required on mere refinancing].) Perhaps the defendant mortgagor and the third-party lender could have structured their deal so that the new lender had the equity of redemption, while the mortgagor retained title, which would then have presumably entitled the lender to an assignment of the mortgage under the foregoing authorities since there was no intention to actually pay off the mortgage or to keep a dormant mortgage alive. (78 NY Jur 2d, Mortgages §§ 393, 395; 1 Bergman, New York Mortgage Foreclosures § 2.21 [2]; § 4.07.)
Circular process is not required and, in any event, the third-party lender would not want to buy into a lawsuit without receiving a premium for the risk. At bar, under the circumstances disclosed, the court exercises its discretion to modify the enforcement of the plaintiffs judgment (CPLR 5240) to achieve equity and justice and, therefore, grants the motion to stay the sale and permit defendant mortgagor the right to redeem the mortgage by payment of all sums due ($444,917.72) within 10 days hereof. Upon payment of all sums due, the plaintiff shall assign the mortgage to the third-party lender. Further, defendant Di Paolo shall pay to plaintiff’s counsel within 10 days hereof as and for attorney’s fees the sum of $9,000 inclusive of disbursements representing the amount billed on August 23, 2001 ($4,255.60) and the difference ($4,744.40) fixed by the court for services rendered subsequent to September 24, 1999. The cross motion is granted to the extent indicated.