■ 243-249 HOLDING Co., LLC, Appellant, v FELIPE INFANTE et al., Respondents. [771 NYS2d 651]—

Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered on or about May 24, 2002, which confirmed the report of a judicial hearing officer, vacated all stays and dismissed the complaint, unanimously affirmed, without costs.

Plaintiff 243-249 Holding Co. brought this action to enforce a restrictive covenant on behalf of nonparty 283 Food Corporation, one of two entities comprising plaintiff limited liability corporation. The complaint seeks to permanently enjoin defendants' operation of a competing supermarket, which is alleged to violate the proximity restriction in the covenant to the irreparable harm of 283 Food Corporation's business.

A party is entitled to sue as a third-party beneficiary of a contract if "the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance" (*Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d 38, 44 [1985], quoting Restatement [Second] of Contracts § 302 [1] [b]). Third-party beneficiary status may be conferred where "appropriate to effectuate the intention of the parties" (*Lake Placid Club Attached Lodges v Elizabethtown Bldrs.*, 131 AD2d 159, 161 [1987], quoting Restatement [Second] of Contracts § 302 [1]), and the failure to mention 283 Food Corporation in the contract does not preclude the introduction of proof concerning its status as an intended beneficiary (see

*Newin Corp. v Hartford Acc. & Indem. Co.*, 37 NY2d 211, 219 [1975]; *Aievoli v Farley*, 223 AD2d 613, 614 [1996]). However, the best evidence of the intent to bestow a benefit upon a third party is the language of the contract itself (*see Alicea v City of New York*, 145 AD2d 315, 318 [1988]).

The record reflects that the subject contract was negotiated between defendant Felipe Infante and Leonard Weinberg, the principal of 264 Food Corporation, the other entity comprising plaintiff. It is conceded that Sidney Katz, the principal of 283 Food Corporation, the purported third-party beneficiary, took no part in the negotiations. Plaintiff has failed to demonstrate that, following the sale of the Weinberg supermarket to 264/204 Holding Company, an entity formed by Katz, defendants had any reason to believe that opening their own supermarket would violate the restrictive covenant. Thus, plaintiff has established only that 283 Food Corporation is an incidental, not intended, beneficiary of the contract. Concur—Tom, J.P., Saxe, Rosenberger and Marlow, JJ.