■ 767 Third Avenue LLC et al., Respondents, v ORIX Capital Markets, LLC, Appellant. 767 Third Avenue LLC et al., Respondents-Appellants, v ORIX Capital Markets, LLC, Appellant-Respondent. [812 NYS2d 8]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered January 27, 2005, which, inter alia, denied defendant's motion for summary judgment dismissing the complaint's causes of action for breach of contract, and order, same court and Justice, entered July 29, 2005, which, inter alia, denied defendant's motion for summary judgment dismissing the amended complaint's cause of action to void a release and granted summary judgment dismissing plaintiffs' causes of action for breach of a pooling and servicing agreement as third-party beneficiaries, unanimously modified, on the law, to grant defendant's motions and to dismiss the amended complaint in its entirety, and otherwise affirmed, with costs in favor of defendant. The Clerk is directed to enter judgment accordingly.

Plaintiffs, fee owners of commercial properties at 767 Third Avenue and 320 West 13th Street respectively, claim an entitlement to obtain an assignment of their mortgage, rather than a satisfaction piece, upon refinancing and prepayment of their mortgage loans. While such a right would save them hundreds of thousands of dollars in mortgage recording taxes—which are calculated based upon the new amount being loaned upon refinancing—no such right was granted by the terms of the mortgage and loan documents, nor is it provided by statute.

As plaintiffs recognize, Real Property Law § 275, as amended in 1989 and 1990, does not expressly provide for an assignment in lieu of a certificate of discharge; nevertheless, they assert that the statute creates an implied right to assignments, and that such relief has been judicially inferred. Subdivision (2) (c) of section 275 mentions a situation where there is a refinancing and the original lender makes an assignment, but a plain reading of the statutory language reveals that it does not *require* that assignments be provided (*see 2301 Jerome Ave. Realty Corp. v Di Paolo*, 190 Misc 2d 383, 384 [2002]; *Harris v Crossland Mtge. Corp.*, 160 Misc 2d 520 [1994]). As these cases explain, there is a distinction between situations such as that presented here, in which assignments are merely permissible, and those in which there was an impending foreclosure where an assignment

was mandated in order to preserve the mortgagors' right of redemption (*compare River Bank Am. v Stabile*, 216 AD2d 104 [1995]; *Goldstein v Soledad Place Corp.*, 157 Misc 2d 801 [1993]).

Nor was there any ambiguity in the loan documents, which contained no mention of the claimed right to assignment of the mortgage and loan. Since parol evidence is inadmissible absent ambiguity (*South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 278 [2005]), there is no basis to admit evidence of current industry practice or custom to construe the loan documents (*see News Am. Mktg., Inc. v Lepage Bakeries, Inc.*, 16 AD3d 146, 148 [2005]), particularly in view of the presence of merger and no-oral-modification clauses and the context of real estate transactions between sophisticated parties (*see Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]; *South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d at 277; *101123 LLC v Solis Realty LLC*, 23 AD3d 107 [2005]).

Plaintiffs lack standing to enforce the pooling and servicing agreement between defendant and the mortgagee as third-party beneficiaries. The best evidence of the intent to bestow a benefit upon a third party is the language of the contract itself (*see 243-249 Holding Co. v Infante*, 4 AD3d 184 [2004]), and here, a provision of the agreement expressly negates enforcement by third parties (*see Mendel v Henry Phipps Plaza W., Inc.*, 16 AD3d 112 [2005], *lv granted* 5 NY3d 703 [2005]).

Nor do plaintiffs' allegations support a claim of fraud or economic duress in connection with 767's execution of a release regarding any claim challenging its payment of the assignment fee imposed by defendant. "A contract may be voided on the ground of economic duress where the complaining party was compelled to agree to its terms by means of a wrongful threat which precluded the exercise of its free will" (*Stewart M. Muller Constr. Co. v New York Tel. Co.*, 40 NY2d 955, 956 [1976]). The threatened exercise of a legal right cannot constitute duress (*Marine Midland Bank v Stukey*, 75 AD2d 713 [1980], *affd* 55 NY2d 633 [1981]). Here, inasmuch as plaintiffs had no legal right to an assignment rather than a satisfaction, the elements of economic duress are not established by the allegations.

Nor is the claim of fraud viable. The assertion that defendant would not provide an assignment of the mortgage without payment of the demanded assignment fee and an executed release was not a misrepresentation. Nor may plaintiffs rely on the assertion that defendant, as servicing agent for the mortgagee, falsely represented to them that the trust itself required the as-

signment fee and release, and that defendant was authorized to impose the fee on the trust's behalf. The facts as alleged in the complaint fail to provide any basis in fact which would support that bare assertion, and indeed, the terms of the pooling and servicing agreement give defendant broad administrative and representative authority.

Since defendant violated no rights by requiring payment of a substantial fee in order to provide for an assignment, rather than merely a satisfaction of the mortgage, plaintiff 767 has no right to recover the $413,819.77 assignment fee it paid; plaintiff 320 has no right to reimbursement of the $160,875 "extra" mortgage recording tax it was required to pay; there is no basis to declare void the release executed by 767; and there is no ground for punitive damages. Concur—Andrias, J.P., Saxe, Sweeny and Catterson, JJ. [*See* 6 Misc 3d 1019(A), 2005 NY Slip Op 50123(U) (2005).]