■ In the Matter of NATIONAL BANK LIMITED, Respondent, v SECURITY MANAGEMENT COMPANY, LTD., Appellant. [816 NYS2d 414]—

Order and judgment (one paper), Supreme Court, New York County (Charles J. Tejada, J.), entered January 23, 2006, granting petitioner's application to stay arbitration, unanimously affirmed, with costs.

Respondent was not an intended beneficiary of the agreement to which it was not a party, and thus was not entitled to invoke its arbitration clause. The best evidence of an intent to benefit a third party is the language of the agreement itself (*243-249 Holding Co. v Infante*, 4 AD3d 184, 185 [2004]), and nothing therein other than the solitary mention of respondent's commission, which was separately provided for in another agree-

ment that did not contain an arbitration clause, even suggests, let alone demonstrates, that the agreement was intended for its benefit. *Choctaw Generation Ltd. Partnership v American Home Assur. Co.* (271 F3d 403 [2d Cir 2001]) and *Matter of Groval Knitted Fabrics (Alcott)* (72 Misc 2d 513 [1971], *affd* 39 AD2d 524 [1972], *affd* 31 NY2d 796 [1972]), upon which respondent relies, are distinguishable on their facts, since the rights of the nonparties seeking arbitration in those cases were dependent on the terms of the agreements containing the arbitration clauses; we note in this regard that the inquiry is "fact-specific" (*see JLM Indus., Inc. v Stolt-Nielsen SA*, 387 F3d 163, 178 [2d Cir 2004]).

We have considered respondent's other contentions and find them unavailing. Concur—Buckley, P.J., Mazzarelli, Friedman, Sweeny and McGuire, JJ.