Nuntnarumit v Lyceum Partners LLC (2018 NY Slip Op 07041)





Nuntnarumit v Lyceum Partners LLC


2018 NY Slip Op 07041


Decided on October 23, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Webber, Singh, JJ.


651829/17 7264 7263

[*1]Preecha Nuntnarumit, et al., Plaintiffs-Appellants,
v
Lyceum Partners LLC, et al., Defendants-Respondents.


Peter Brown & Associates PLLC, New York (Peter Brown of counsel), for appellants.
Rich, Intelisano & Katz, LLP, New York (Joseph A. Gershman of counsel), for Lyceum Partners LLC and Jacob Katsman, respondents.
Davis Polk & Wardwell LLP, New York (Paul Spagnoletti of counsel), for Kramer Levin Naftalis & Frankel LLP, respondent.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered November 24, 2017, which granted defendants' motions to dismiss the complaint, unanimously affirmed, without costs.
Plaintiffs allege that defendants Lyceum Partners (Lyceum) and Jacob Katsman (Katsman) engaged in, inter alia, fraud, breach of fiduciary duty, breach of contract, rescission, negligent misrepresentation, and conversion in connection with a transaction involving their transfer of shares in a Thai company to Lyceum pursuant to Master Repurchase Agreements.
The releases executed by plaintiffs and Lyceum are a complete defense to all claims asserted against Lyceum (see Booth v 3669 Delaware, 92 NY2d 934 [1998]; Skluth v United Merchants & Mfrs., 163 AD2d 104, 106 [1st Dept 1990], appeal withdrawn 79 NY2d 976 [1992]). Plaintiffs argue that the releases were executed under duress. However, "[t]he threatened exercise of a legal right cannot constitute duress" (76 Third Ave. LLC v ORIX Capital Mkts., LLC, 26 AD3d 216, 218 [1st Dept 2006]). Moreover, having accepted the benefit of a settlement of their dispute with Lyceum, plaintiffs cannot attempt to void the settlement on the basis that it was entered into through duress (Foundry Capital Sarl v International Value Advisors, LLC, 96 AD3d 620, 621 [1st Dept 2012]; Liberty Marble v Elite Stone Setting Corp., 248 AD2d 302, 304 [1st Dept 1998]).
The individual claims against Katsman for fraud, unjust enrichment and conversion were properly dismissed. The complaint does not state factual allegations that Katsman acted other than in his corporate capacity as a principal of Lyceum. The unjust enrichment claim fails as plaintiffs have not sufficiently alleged that Katsman stood to gain personally from the transaction (see Ishin v QRT Mgt., LLC, 133 AD3d 449, 450 [1st Dept 2015], lv denied 27 NY3d 907 [2016]; Hakim v Hakim, 99 AD3d 498, 502 [1st Dept 2012]). The conversion claim fails because plaintiffs did not have a possessory right to the shares, as title passed to Lyceum upon delivery.
Plaintiffs assert claims against defendant Kramer Levin Naftalis & Frankel LLP for fraudulent inducement, aiding and abetting fraud and aiding and abetting breach of fiduciary duty. The allegations that Kramer Levin drafted documents favorable to Lyceum do not establish fraud or aiding and abetting fraud because the law firm was merely performing work within the scope of its duties (see Mendoza v Akerman Senterfitt LLP, 128 AD3d 480, 483 [1st Dept 2015]; Gregor v Rossi, 120 AD3d 447, 449 [1st Dept 2014]). The aiding and abetting breach of fiduciary duty claim cannot be established because, as sophisticated parties to an arms-length transaction, plaintiffs and Lyceum had no fiduciary duty to each other (see Sebastian Holdings, [*2]Inc. v Deutsche Bank AG., 78 AD3d 446 [1st Dept 2010]; Kaufman v Cohen, 307 AD2d 113, 126 [1st Dept 2003]).
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 23, 2018
CLERK